## HENRY A. CAULFIELD v. SYLVESTER STEVENS.

JURISDICTION OF JUSTICES OF THE PEACE.—Justices of the Peace have no jurisdiction of actions to recover possession of lands and tenements from those who detain the same after the termination of or contrary to the terms of the lease under which they entered into possession.

JURISDICTION OF COUNTY COURTS.—County Courts are vested, by the amendments to the Constitution, with exclusive jurisdiction of actions of unlawful detainer, as well as for forcible entry and detainer.

ACT OF APRIL 27TH, 1863.—The Act of April 27th, 1863, entitled, "An Act concerning unlawful holding over of lands, tenements, and other possessions," is unconstitutional and void.

APPEAL from the County Court, Sacramento County.

On the 15th day of February, 1864, plaintiff, as landlord, commenced an action before a Justice of the Peace against defendant, his tenant, for holding over contrary to the terms of his lease.

The action was commenced under the provisions of the Act of April 27th, 1863, entitled "An Act concerning unlawful holding over of lands, tenements, and other possessions." The defendant objected to the jurisdiction of the Court. The objection was overruled, and a trial had which resulted in a judgment in favor of plaintiff. Defendant appealed to the County Court, where it was held that the Justice's Court had no jurisdiction over the subject matter of the action, and accordingly the judgment was reversed and the case dismissed. From the judgment of the County Court the plaintiff appealed.

*Robert Robinson*, and *P. Dunlap*, for Appellant.

*W. R. Cantwell*, and *George R. Moore*, for Respondent.

By the Court, SANDERSON, C. J.

The only question presented for our consideration relates to the constitutionality of the Act under which this suit was commenced, it being claimed upon the one hand, and denied upon the other, that it conflicts with the eighth and ninth sections of Article VI of the Constitution as amended in 1862.

The eighth section defines the jurisdiction of the County Courts, and among other things declares that they " shall have original jurisdiction of actions of forcible entry and detainer." The ninth section declares that " the Legislature shall determine the number of Justices of the Peace to be elected in each city and township of the State, and fix by law their powers, duties and responsibilities ; provided such powers shall not in any case trench upon the jurisdiction of the several Courts of record. The Supreme Court, the District Courts, County Courts, the Probate Courts, and such other Courts as the Legislature shall prescribe, shall be Courts of record."

It is insisted on the part of the appellant that the words " forcible entry and detainer " contained in the eighth section embrace only cases of forcible entry into lands and tenements, and a forcible detainer after peaceable entry, and do not include cases like the present of unlawful holding over of lands, tenements, and other possessions after the termination of the demise or after a failure to pay rent according to the terms of the lease. This would doubtless be so if the reading of those words is to be confined to. the language of strict definition ; but we think the reading should give as broad a signification to the words in question as they have received in the nomenclature of modern legislation and in common professional parlance. Under the general head of " forcible entry and detainer," nearly every one if not all the States of the American Union have legislated, in the same Act, not only upon the subject of forcible entry and forcible detainer, but also upon the subject of unlawful detainer, thus treating all three as one general subject, sufficiently described by the words in question. If technical exactness is to be observed, a

more full and complete statement of the subject of such legislation would find expression in the words "forcible entry and forcible and unlawful detainer." Yet this exactness of designation has not been observed in the legislation of the country nor in its legal parlance. We speak of such legislation as the Forcible Entry and Detainer Acts. We speak in general terms of this or that action as being brought under the Forcible Entry and Detainer Act, regardless of the minor fact whether it be for a forcible *entry or* a forcible detainer, or an unlawful detainer, thus using the words in a generic sense and as comprehending all three.

The Act in our own State upon this subject prior to the constitutional amendments of 1862 is entitled " An Act concerning forcible entries and unlawful detainers." This title is quite as inexact as the one which we have been considering. Yet under it the Legislature proceeded to provide for a forcible detainer as well as a forcible entry and unlawful detainer. The title used in most of the other States is the same as that adopted in the amended Constitution, yet they proceed under that general head to provide for unlawful detainers.

Our construction is also sustained by the terms of the Judiciary Act organizing the Courts under the amended Constitution. (Statutes 1863, p. 336.) Unlawful detainer as a subject distinct from forcible entry and detainer is not mentioned in that Act. Jurisdiction of actions of forcible entry and detainer is given to County Courts in accordance with the Constitution. No jurisdiction in cases of unlawful detainer is given to Justices' Courts. Hence, so far as that Act is concerned, no provision is made for the latter cases unless they are included in the former. Yet it is generally understood that the principal author of the constitutional amendments, and of the Judiciary Act of 1863, was the same person. Had he intended to separate unlawful from forcible detainers by his constitutional amendments, giving jurisdiction over the latter to the County Courts, and leaving jurisdiction over the former to be conferred by the Legislature upon Justices' Courts, or such other inferior Courts as they might create,

that intention would have doubtless been carried out in the Judiciary Act; but such is not the case, and the whole subject of forcible entries and forcible and unlawful detainers seems to have been considered as provided for under the general head of forcible entries and detainers, and jurisdiction over the same given to the County Courts.

Another view may be taken of this question, which is perhaps more conclusive than the one already considered.

It cannot be denied but that actions, either for a forcible entry or a forcible or unlawful detainer, involve the possession of real property. Their primary object is to obtain that possession of lands and tenements which has been forcibly taken or is forcibly or unlawfully detained. The recovery of rents and damages is incidental to the recovery of possession, and the former cannot be had without the latter. The possession of real property is therefore as much involved in these actions as in an action of ejectment. Such being the case, it follows that if the jurisdiction of the County Courts, as defined in the Constitution, in these cases is confined to forcible entries and forcible detainers, the jurisdiction of actions for *unlawful* detainers is vested by the Constitution in the District Courts. For the sixth section of Article VI provides, among other things, that the District Courts " shall have original jurisdiction *in all cases* at law which involve the title or *possession* of real property." The only exception to this rule is found in the eighth section, which confers upon the County Courts jurisdiction in cases of " forcible entry and detainer." Read the two together, and the Constitution imperatively declares that the " District Courts shall have original jurisdiction in all actions at law which involve the title or possession of real property, except actions of forcible entry and detainer, of which the County Courts shall have jurisdiction." That it was one purpose of the constitutional amendments to transfer the jurisdiction over cases of unlawful detainer from Justices' Courts to the District Courts, it is presumed no one will affirm.

In conclusion, we may add that the Legislature seem to have doubted the constitutionality of the Act under considera-

tion at the time of its passage; for on the same day they passed "An Act concerning forcible entries and unlawful detainers," in which they provide for the latter, and expressly declare that all actions for the recovery of the possession of lands or tenements, as specified in 'that Act, shall be prosecuted in the County Courts.

Our conclusion is that the Act in question is in conflict with the Constitution, and therefore null and void.

Judgment affirmed.

Mr. Justice SAWYER expressed no opinion.