ROBERT NORBLETT, RESPONDENT, *v.* B. E. FARWELL, APPELLANT.

UNLAWFUL DETAINER.—The Act of April 27, 1863, remains in force, so far as it relates to unlawful detainers, though repealed so far as it relates to forcible entries and forcible detainers.

PRESUMPTION OF APPEARANCE.—The Court will not presume the appearance of a defendant not regularly served with summons, because a continuance was ordered after a default had been taken

APPEAL from the County Court of Alameda County.

This was an action brought under the statute concerning unlawful detainers, for the restitution of demised premises after the expiration of the term, and for damages. The complaint was in the usual form, and bore the indorsement of the County Judge to the effect that the same was presented to him on the 8th of April, 1868; that he ordered the time for hearing the case be fixed for April 13, 1868; that summons be issued on the same and be served on the defendant not less than three days previous to said 13th of April; whereupon a summons was duly issued requiring the defendant to appear on the said 13th of April, and served on the defendant on the 8th day of April, 1868. On the return day of the summons the default of the defendant was duly entered, and on the 2d day of May, 1868, final judgment, upon default, was entered in favor of the plaintiff. In the final judgment it is stated "that the cause had been duly continued from the 13th of April to the 2d day of May, 1868."

From the judgment the defendant appealed.

*Clarke & Carpentier*, for the Appellant made the point:

*That the County Court never had jurisdiction of the person of the defendant;* for by the Act of 1863, the Civil Practice Act regulates all proceedings in cases of forcible entry and unlawful detainer, except those cases specially provided for by that Act itself. That this Act was not repealed by the Act of 1866, so far as it relates to unlawful detainers. That by its unrepealed provision the defendant was entitled to ten days after service of summons to appear and answer. Consequently, the Act of the County Court in entering a

default on the 13th of May, within five days after service of summons, and the subsequent perfecting of that default by a final judgment, were *coram non judice.*

*Wm. H. Glascock,* Attorney, and *John R. Glascock,* of Counsel for Respondent, maintained :

*First*—The Act of 1863 was wholly repealed by the Act of 1866, as well touching unlawful as forcible detainers.

In this State, and in most of the States of the Union, the expression, "forcible entry and detainer," has been used in a generic sense, as comprehending all of its subdivisions. (*Caulfield* v. *Stevens,* 28 Cal. 118; *Brummagim* v. *Spencer,* 29 Cal. 661.)

If this be so, the provisions of an Act regulating proceedings in cases of *forcible* detainer must be equally applicable to cases of *unlawful* detainer.

Again : The Act of 1866 is entitled "An Act concerning forcible entries and *unlawful* detainers," while in the Act itself the expressions "forcible entry" and "forcible detainer" only are made use of. This otherwise contradictory character between the title of the Act and its subject, is at once reconciled and explained by the proposition announced by the Court, that these expressions are used in a *generic* sense—that the term "*unlawful* detainers" includes the *forcible,* and the expression "*forcible* detainers" embraces also the *unlawful.* The Act of 1863 was therefore wholly and entirely repealed by the Act of 1866, so far as it relates to unlawful, as well as to forcible, detainers.

*Second*—The objection to the defect of the summons was waived by the voluntary appearance of the defendant.

On the 13th of April, the day specified in the summons for the defendant's appearance, it appears from the record, "the cause was duly continued until the 2d of May." If the case was "*duly*" continued, it must have been rightfully and legally done. This could only have occurred after, or upon, the appearance of the defendant. The intendment of law is, from the words "duly continued," that the defendant was then and there present, assenting to or resisting the

continuance; and in either case, by the act, waiving all defects of the summons.

RHODES, J., delivered the opinion of the Court:

The plaintiff sues for the restitution of premises, which he had leased to the defendant, and which the latter held over after the expiration of the term, and after demand for the surrender of the possession. The action was commenced under the Forcible Entry and Detainer Act of April 2, 1866 (Stats. 1865-6, p. 768), and it is contended that as it is brought for an unlawful detainer—but not for a forcible entry or a forcible detainer—it is governed by the provisions of the Act of April 27, 1863 (Stats. 1863, p. 652). The Act of 1863 adopts the Practice Act, so far as applicable (except as therein otherwise provided), and, among others, the provision in respect to the summons; while the Act of 1866 makes special provision for the summons. And as the summons in this case required the defendant to appear and answer upon a specified day, which was seven days from the day of its date, the point is that the summons was not sufficient to give the Court jurisdiction of the defendant. It is not denied, on the other side, that the summons would be insufficient under the Act of 1863, but it is contended that the Act of 1866 includes unlawful detainer as well as forcible detainer, and that the latter Act completely superseded the former. The words "forcible entry and detainer," as employed in Section 8, Article VI, of the Constitution, were under consideration in *Caulfield* v. *Stevens* (28 Cal. 118), and it was held that they were used in a generic sense, and that they embraced unlawful detainer, as well as forcible entry and forcible detainer. It was not meant nor intimated, that unlawful detainer and forcible detainer were one and the same thing. They have always remained distinct causes of action, though the remedy in each might be nearly or quite the same. In the Act of 1863 one remedy was provided for all of the three cases, but in 1866, either because that remedy was not sufficiently summary for forcible entry and forcible detainer, or for some

other reason, the Legislature provided a distinct remedy for these cases, wholly omitting unlawful detainers, and repealed "all Acts or parts of Acts inconsistent with or repugnant to " the provisions of that Act. It is contended that, as the title of the Act is, "An Act concerning forcible entries and unlawful detainers," by a reasonable construction, the Act, with the aid of the title, may be held to include unlawful detainers. There is not one word in the Act that points to unlawful detainers, and it would be no more justifiable to make use of the title to incorporate in the body of the Act unlawful detainers, than to strike from the Act forcible detainers, because they are not mentioned in the title.

The Act of 1863 remains in force, so far as it relates to unlawful detainers, though repealed so far as it relates to forcible entries and forcible detainers ; and it follows that, in unlawful detainer, the process by which the Court obtains jurisdiction of the defendant, must be issued in accordance with the provisions of the Practice Act. The record does not show a waiver of summons by appearance ; on the contrary, it appears that the judgment was rendered upon a default, for want of an appearance, entered on the return day of the summons.

Judgment reversed.