[No. 1,682.]

## AGLIE STOPPELKAMP *v.* CHARLES MANGEOT AND AUGUSTINE CEZAR.

CHANGING TERMS OF LEASE BY LANDLORD.—The mode of changing the terms of a lease upon notice by the landlord, depends wholly upon the statute; and the cases in which such changes can be made are limited to those in which it is expressly authorized.

ESTATES BY LEASE—TIME SPECIFIED, AND TIME INDEFINITE.—A lease for a specified period of time, as for one month, creates an estate substantially different from that created by a lease for an indefinite period, with rent payable monthly, or by a lease from month to month. Where the time is specified, the lease terminates by the mere lapse of time. No notice is necessary to entitle the landlord to reënter, or to enable him to recover possession. But where the lease is from month to month, the lease does not terminate by the mere lapse of time—neither party can terminate the relation without notice to the other in advance.

TENANCY FOR YEARS, AND FROM YEAR TO YEAR.—If a tenant for years holds over with the consent of his landlord, express or implied, paying yearly rent, without any further arrangement as to time, the tenancy may thus be converted into a tenancy from year to year.

TENANCY FOR YEARS.—A tenancy for the specified period of one month is a tenancy for years, and not a tenancy from year to year, or from month to month.

TENANCY FROM MONTH TO MONTH.—A tenant for the specified period of one month, who holds over with the consent of his landlord, thereby becomes a tenant from month to month.

IDEM—REPUDIATED BY ACT OF LANDLORD.—S. sued M., alleging that he had leased certain lots to M. for one month, for twenty-five dollars; that fifteen days before the close of the month he gave notice, in writing, under the Forcible Entry and Detainer Act of 1863, that the rent for the next month would be five hundred dollars, payable in advance; that M. had held over, and had failed to pay the rent; *held*, that by giving the notice of a change of terms before a tenancy from month to month commenced, and following it up by a demand of rent, and immediately thereafter of possession, he repudiated the holding over on the original terms, and the claims of the parties were adverse, and actually hostile, from the moment of the expiration of the specific terms alleged, and there never was a tenancy from month to month.

CONSTITUTIONALITY OF STATUTE AS TO JURISDICTION OF COUNTY COURT.—The provisions of the statute conferring jurisdiction upon County Courts in actions to recover the possession of premises held over by tenants against the consent of the landlord, are constitutional.

QUERY.—Whether the provisions of the sixth section of the Forcible Entry
    and Detainer Act of 1863, as to changing terms of lease by notice from the
    landlord in the mode therein prescribed, are constitutional?

APPEAL from the County Court of the City and County of
San Francisco.

The facts are stated in the opinion of the Court.

*P. G. Buchan,* for Appellant.

The judgment cannot be sustained, because the complaint
does not state facts sufficient to constitute a cause of action.
This point can be taken on appeal, and is one of the points
made in the statement. (*Barron* v. *Frink,* 30 Cal. 486; *Rus-
sell* v. *Byron,* 2 Cal. 86; *White* v. *Fratt,* 13 Cal. 521.)

It will be perceived that this tenancy was for the period of
one month, and was not a tenancy "from month to month,"
in the language of the statute. At the end of that month,
the defendant, if he remained on the premises, was a tenant
holding over after his term had expired, and was entitled to
thirty days notice to quit, if the landlord intended to termi-
nate the tenancy. If he had paid another month's rent and
remained in possession, or if he remained in possession over
the month, with the consent of his landlord, then he became
a tenant from month to month, and fifteen days before the
twentieth of August (not fifteen days before the twentieth
of July,) this notice to change the terms of the lease could
have been given. The Court will find the section of the
statute under which the notice was given, in 1 Hittell's Dig.
par. 3134, Sec. 6, of the Act in reference to forcible entries
and unlawful detainers. It provides that in "all leases of
lands and tenements, or any interest therein from month to
month, the landlord may" give the notice of fifteen days
before the expiration of the month, to change the terms of
the lease, etc. The last clause of the section itself defines
what a holding from month to month is. It says:

"In all leases of lands or tenements, or any interest therein for a month, or any term less than one year, and the tenant holds over his term by consent of his landlord, the tenancy shall be construed to be a tenancy from month to month, or a tenant for such term less than a year as the case may be."

This notice was served on the third of July; that is, on the thirteenth day of the term, "and the holding over his term by consent of his landlord" had not, and could not then have occurred, so that he was not then a tenant from month to month. This is too clear for argument. The demand, therefore, for five hundred dollars on the twentieth of July, instead of twenty-five dollars, was illegal, and payment properly refused. The Court, however, not only rendered judgment for restitution of the premises, but for one thousand five hundred dollars, three times the amount of the rent thus demanded.

The County Court had no jurisdiction, because this was not an action for forcible detainer, and it is only in such a case that the County Court has jurisdiction. We are aware that this point conflicts with the opinion of this Court in the case of *Caulfield* v. *Stevens*, 28 Cal. 118, where the Court decided that the County Court had exclusive jurisdiction in such cases. As to exclusive jurisdiction, that decision is overruled in *Courtwright* v. *The Bear River Company*, 30 Cal. 573. The question here is not in what Court this case should have been brought, but has it been brought in a Court that had jurisdiction? That depends on the meaning of the words in the Constitution giving the County Court "original jurisdiction (not exclusive jurisdiction) in actions of forcible entry and detainer." It is perfectly evident that if this language is held to include all unlawful detainers not accompanied by force, it gives the County Court original jurisdiction in all cases of ejectment where the possessor unlawfully, but not forcibly detains the posses-

sion from the true owner. The Constitution gives the District Courts original jurisdiction "in all cases at law which involve the title or possession of real property."

The Constitution of this State confers upon the District Courts exclusive jurisdiction in all civil cases where the demand in controversy exceeds three hundred dollars. Jurisdiction is conferred upon the County Courts over actions of forcible entry and detainer. Actions may be maintained in those Courts quasi-criminal, to recover the premises forcibly, or, for the sake of the argument, we will admit unlawfully and wrongfully detained, and to punish the wrongful detainer. But actions cannot be maintained in those Courts to recover rent, as rent, to the amount of fifteen hundred dollars. In other words, they cannot give judgment for the sum of fifteen hundred dollars for a cause of action arising on contract.

If it is to be held that the fifteen hundred dollars is a penalty imposed by the Court for criminally holding over after the non-payment of rent, and that it is not for a cause of action arising on contract, then we say that the sixth and thirteenth sections of the Act in reference to forcible entries and detainers are unconstitutional and void.

*J. M. & D. F. Verdenal*, for Respondent.

The first point raised by the appellant is that the complaint does not state facts sufficient to constitute a cause of action.

To us, there seems to be about as much distinction between a tenant from "month to month" and a tenant for "a month" as that between a tenant from "year to year" and a tenant for "years"—a distinction rather in words than substance. (Woodf. L. & J. 113.) The counsel argues that, if the appellant "remained in possession over the month, with the consent of his landlord, then he became a tenant from month to month." We contend that he did hold over

the premises with his landlord's consent. The amount of rent to be paid was changed, but there was no attempt to change the tenancy from what it then was—a tenancy for a month, or "month to month." There was no attempt to sever the then existing relation of landlord and tenant. The tenant to hold over on the payment of an increased rent; and, by holding over after the termination of the month, the tenant, according to the counsel's own argument, became a tenant from "month to month." Independent of this, the very section quoted by counsel, on page four, expressly declares a tenancy from "month to month" to be "all leases of lands or tenements, or any interest therein, for a month, or any term less than one year."

The Legislature seems to have regarded all tenancies less than a year as tenancies from "month to month," and it would certainly seem absurd, upon its face, that in the case of a tenancy from "month to month" the landlord could change the terms of the tenancy, and that he could not change the terms if it was a tenancy for "a month." In the latter case the landlord could do nothing but give thirty days notice to his tenant to leave, even though both parties were willing that the tenancy should continue. Besides, all the facts in the case show the tenancy to have been one from month to month, and the verdict cures the defect, if any there be. (*Garner* v. *Marshall*, 9 Cal. 268.)

As to the constitutional objection. In *Caulfield* v. *Stevens*, the question of jurisdiction is discussed at length, and definitely settled in favor of the full and complete jurisdiction of the County Court in the class of cases of which this is one; and, in the latest forcible entry and detainer case— *Kower* v. *Gluck*, 33 Cal. 403—a case appealed from the County Court, no point is taken to the jurisdiction of the Court below, nor does the Court even remotely hint at the question being unsettled. If the plaintiff in this case was desirous of obtaining the possession of her property for any

reason, she would certainly have the right to avail herself of any legal remedy to wrest the possession from a reluctant tenant. Under the sixth section, she duly notified her tenant of the change in the terms of the tenancy, and he remained in possession with the full understanding that he must pay five hundred dollars rent, or leave. No undue advantage was taken of him; he knew the consequences of his action, and no doubt acted upon the advice of his able counsel.

By the Court, SAWYER, C. J.:

This is an action against a tenant holding over, to recover the premises under the Forcible Entry and Detainer Act of 1863. The complaint alleges that plaintiff, on the 20th of June, 1867, "leased, demised, and let to said defendant" the premises in question, "to have and to hold the said premises to said defendant, Charles Mangeot, for the month thence ensuing, at the rent of twenty-five dollars, payable on the twentieth day of said month of June, in advance. That by virtue of said lease, the said defendant, Charles Mangeot, went into the possession and occupation of the demised premises, and still continues to hold and occupy the same." The complaint then alleges the giving of notice in time, under section six of said Act, that if defendant should hold over after the expiration of the month, the rent would be five hundred dollars per month, in gold coin, a demand and refusal of the rent, and a demand of the possession. The case was tried by a referee; the facts found in favor of plaintiff, and judgment rendered for possession and treble rent, at five hundred dollars per month.

The first point is, that the complaint does not state facts sufficient to constitute a cause of action or to sustain the judgment, in this, that the tenancy alleged is a tenancy for

a specific time, viz: one month, and not a tenancy from month to month, and is, therefore, not within the provisions of the sixth section, authorizing a change of the term of the lien by giving notice in the mode therein prescribed. The provisions of the sixth section are as follows: "In all leases of lands or tenements, or any interest therein, *from month to month,* the landlord may, and it shall be lawful for him, upon giving notice in writing at least fifteen days before the expiration of the month, to change the terms of the lease, to take effect at the expiration of said month. Said notice, when served upon the tenant, shall of itself operate and be effectual to create and establish, as a part of the lien, the terms, rent, and conditions specified in said notice, if such tenant shall continue to hold such premises after the expiration of said month."

Without this provision of the statute, of course, the landlord could not change the terms of the lease in the mode prescribed. This mode of changing the terms of the lease, and creating a new contract against the will of the tenant, then depends wholly upon the statute, and the cases in which such changes can be made must be limited to those in which it is expressly authorized. We cannot extend the stringent provisions of the Act to other cases not provided for. Unless a lease for a specific period of time, as one month, is the same identical thing in law as a lease for an indefinite period of time with rent payable monthly, or a lease from month to month, the provisions of section six do not apply to the former. And they are clearly not identical in law. They are different estates, with different incidents, and are designated in law by different technical terms. There is a substantial, not merely a verbal difference. On a lease for a specific time, as one month, the estate terminates by the mere lapse of time, and at the end of the term the lessee must go out. No notice is necessary to terminate the tenancy and entitle the landlord to reënter, or to enable the

landlord to recover in case the tenant refuses to surrender the premises. But in the case of a lease from month to month, the estate does not terminate by the mere lapse of time. Neither party can terminate the relation without giving notice in advance for the time required by law. If a tenant for years holds over with the consent of his landlord, express or implied, paying yearly rent, without any further arrangement as to time, the tenancy may thus be converted into a tenancy from year to year. A tenancy from year to year may be a tenancy for years; that is to say, a tenancy for one year certain, with a right to hold over from year to year thereafter, unless due notice be given; but a tenancy for years, technically so called, is not a tenancy from year to year, and a tenancy from year to year only aims thereon to a further agreement, or by holding over after the term has expired by the consent of the landlord, express or implied.

In this case, the tenancy alleged in the complaint is a tenancy for a specified period of time, to wit: one month. It is technically a tenancy for years and not a tenancy from year to year, or from month to month. And the statute only authorizes a change of the terms of the lease in the mode pursued in the case of a tenancy from month to month. It was not authorized, therefore, in the case alleged in this complaint. The last clause of the section does not aid the plaintiff. It is as follows: "In all leases of lands or tenements, or any interest therein, for a month, or any term less than one year, and the tenant holds over his term by consent of his landlord, the tenancy shall be construed to be a tenancy from month to month, or a tenancy for such term less than a year as the case may be." This clause only enacts in express terms the common law. It simply provides that if the defendant had held over after the expiration of the month for which the premises were demised, with the consent of the landlord, he would from so holding over, there-

fore, become a tenant from month to month. But in that event the terms of the lease could only be changed by giving the notice in the mode prescribed by the sixth section, for the time commencing after the expiration of the first month of the tenancy from month to month. The notice in this case was given before the holding over commenced, and, therefore, before there was any tenancy from month to month, and it was premature. Besides, the defendant did not hold over with the consent of the landlord. On the contrary, by giving the notice of change of terms before a tenancy from month to month commenced, and following it up by demand of rent, and immediately thereafter of possession, he repudiated the holding over on the original terms, and the claims of the respective parties were adverse, and actually hostile from the very moment of the expiration of the specific terms alleged, and there never was a tenancy from month to month upon the state of the facts alleged in the complaint.

Upon the facts alleged in the complaint, the plaintiff is not entitled to recover five hundred dollars per month rent after the expiration of the term stated. But the complaint states facts sufficient to justify a recovery of the possession of the premises, and consequently states a good cause of action for some relief, although insufficient to justify all the relief asked and obtained.

The evidence upon the question as to whether defendant was in fact a tenant at all of the plaintiff, is very much in conflict, and we think the finding justified. At all events, the case clearly falls within the rule which prohibits us from disturbing the finding of the referee on that issue.

The provision of the statute conferring jurisdiction upon County Courts in actions to recover the possession of premises held over by tenants against the consent of the landlord, are constitutional, for reasons given in *Caulfield* v. *Stevens*,

28 Cal. 118; see, also, *Courtright* v. *Bear River Company*, 30 Cal. 573.

Under the views expressed it is unnecessary now to decide the point, whether the provisions of the sixth section of the Forcible Entry and Detainer Act of 1863, providing for changing the terms of the lease by serving notice of such intention on the part of the landlord in the mode therein prescribed, are constitutional or not. For the purpose of this decision we assume them to be constitutional.

The judgment, as we have seen, gives relief to which the plaintiff is not entitled upon the facts alleged in the complaint, and the judgment must be reversed, unless the plaintiff will consent to a modification.

Judgment and order denying a new trial reversed, unless the plaintiff and respondent shall, within fifteen days, file in this Court a stipulation, in writing, consenting that the judgment may be modified so as to reduce the judgment for damages to seventy-five dollars; but, upon filing stipulation as herein provided, the judgment will be modified in accordance therewith.

[The foregoing opinion was delivered at the April Term, 1869, at which time Mr. Chief Justice SAWYER and Mr. Justice SANDERSON were members of the Court. A rehearing was granted, and the following opinion was delivered at the October Term, 1871:]

By the Court, WALLACE, J.:

Ordered, that the judgment heretofore rendered in this case, directing a modification of the judgment of the Court below, be and the same is hereby set aside; and it is further ordered that the judgment of the Court below be and the same is hereby reversed, and the cause remanded for a

new trial; the opinion heretofore filed herein to stand as the opinion of the Court, except so much thereof as authorizes a modification of said judgment.