[No. 3,603.]

## DOUGHERTY v. HENARIE.

PETITION FOR REHEARING.—Counsel should state all the points on which they rely in their briefs; and if they fail to do so, and reserve points to be urged in a petition for a rehearing after a decision of the case, a rehearing will not be granted.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

This case was reported in the 47 Cal., p. 10, where the facts are stated. The petition for a rehearing had been mislaid, and the records of the Court failing to show that an application for a rehearing was pending, the case was reported. The opinion on the petition for rehearing is now published for the benefit of counsel.

By the COURT:

By some accident the petition for a rehearing in this case was not brought to our attention until recently. The point relied upon in the petition is, that the tax-deed to Meyers does not contain the necessary recitals. But this point was not raised at the argument, and no objection to the deed on this ground has been urged, except in the petition for a rehearing. In the opinion, we assumed that the deed contained the proper recitals, because nothing had been alleged to the contrary, and no point of that kind was raised. The sufficiency of the deed, in this particular, not having been questioned at the argument or in the briefs of counsels, we decline to consider the point now. The proper dispatch of the business of the Court requires that counsel should state the grounds on which they rely in their briefs, and not reserve other points to be set up in a petition for a rehearing, after a decision of all the cause.

Rehearing denied.