[No. 8,557. Department One.—February 23, 1885.]

N. P. PERINE, Respondent, v. WILLIAM TEAGUE ET AL., Appellants.

Landlord and Tenant—Holding Over—Tenancy at Will.—A tenant who enters and continues in possession of the demised premises, under a written lease, until the expiration of the term, does not thereafter become a tenant at will by refusing to surrender the possession, and by holding over without the consent of the lessor.

Id.—Unlawful Detainer—Renewal of Lease—Evidence—Pleading.— In an action for unlawful detainer against the tenant so holding over, evidence of a verbal renewal of the written lease is inadmissible, unless the same be pleaded.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are sufficiently stated in the opinion of the court.

J. C. Bates, for Appellants.

George W. Tyler, for Respondent.

McKee, J.—This was a summary proceeding brought under section 1161, C. C. P., by a landlord against his tenants, for an unlawful detainer of leased premises, after the expiration of the term for which they had been let.

Judgment for recovery of possession of the premises, treble rents, and costs of suit was entered ; and from the judgment and an order denying a new trial, the defendants appeal.

The point which they make on the appeal is, that the judgment is erroneous, because (1) they were tenants at will, in possession under a written lease, void for uncertainty in the description of the premises, and as the tenancy was not terminated by thirty days' notice, as required by sections 789, 790 and 791, C. C., the notice given under sections 1161, 1162, C. C. P., was insufficient, and the proceeding was not maintainable ; and because (2) the court erred in excluding testimony tending to show a verbal renewal of the lease by consent of the landlord.

1.　On the face of the lease there is no uncertainty in the description of the premises ; and the court finds that the defendants entered, under the lease, into possession of the premises, as described in the lease, and continued in possession during the term, paying the rent reserved by the lease until the term ended, when they refused to surrender the possession, and held over against the consent of the lessor. That being the case, there was no tenancy at will, and the notice given to the defendant to quit and surrender possession was sufficient.

2.　The evidence offered to prove a verbal renewal of the written lease was properly excluded. The only issues raised by the pleadings, related to the tenancy of the defendants in possession under the written lease. There was no averment in the answer of any renewal of that lease, oral or otherwise ; there was, therefore, no issue to which the evidence was relevant.

The evidence justified the findings.

Judgment and order affirmed.

McKinstry, J., and Ross, J., concurred.

Hearing in Bank denied.