[No. 11709.     Department Two. — October 19, 1888.]

MARY CANNING, APPELLANT, *v.* A. FIBUSH ET AL., RESPONDENTS.

INCREASING RENT BY NOTICE — TENANCY FOR A FIXED PERIOD. — Rent cannot be raised by notice under the statute, where the tenancy is for a fixed period.

TERMINATION OF TENANCY FOR FIXED PERIOD. — A tenancy for a fixed period expires of itself at the end of the period; and a notice to terminate it is unnecessary.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion.

*P. F. Benson,* and *J. C. Martin,* for Appellant.

*Welles Whitmore,* and *H. R. Havens,* for Respondents.

HAYNE, C.—Appeal by plaintiff from a judgment of nonsuit.

The evidence shows that the plaintiff leased the premises in controversy to the defendants for the term of three months from June 1, 1885. At the time of the agreement there was some talk of leasing them the premises after that at a higher rent, if the parties could agree. But this amounted to nothing more than that they would see whether a renewal could not be arranged at the end of the term. On the 6th of August the plaintiff caused the defendants to be served with a notice to the effect that if they occupied the store after September 1st the rent would be two hundred dollars per month. On September 1st the plaintiff demanded the two hundred dollars, but the defendants declined to pay it, and offered to pay one hundred dollars, which was refused. The plaintiff " never said .or did anything to allow these defendants to occupy the premises after the expiration of the three months."

The original complaint averred that the rent had been raised by the notice, and was for holding over after the non-payment of such increased rent. At the trial the plaintiff obtained leave to amend the complaint by striking out the averments as to the notice, etc.; and this was done, leaving the complaint to stand for the holding over after the expiration of the lease, and for damages for the same.

We think that the court erred in granting the nonsuit. The lease, having been for three months only, expired on September 1st. The notice of increased rent could not of itself raise the rent, because the holding was for a fixed period, and not from month to month. (*Stoppelkamp* v. *Mangeot,* 42 Cal. 316.) It did not operate as an agreement, because it was in the nature of a

proposal.  The defendants, having rejected the proposal, cannot claim that it inured to their benefit.  And inasmuch as the lease expired by its own limitation, there was no necessity of a notice to terminate it.  There was no acceptance of rent, or anything from which a renewal could be inferred.  This being the case, we do not see how the defendants had any right to continue in possession, and if they had no such right, why the plaintiff should not recover the premises, with damages for the detention.

The other matters do not require special notice.  We therefore advise that the judgment be reversed, and the cause remanded for a new trial.

Foote, C., and Belcher, C. C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded for a new trial.