[No. 13700.    Department One. — November 4, 1891.]

LEE CHUCK, Respondent, v. QUAN WO CHONG & CO., Appellants.

| 91 593 |
|---|
| 138 79 |

Appeal — Non-appealable Orders — Dismissal. — An order made after final judgment denying a motion to vacate and set aside the judgment from which an appeal has been taken, and an order refusing to strike out a cost-bill, are not appealable orders, and appeals therefrom will be dismissed.

Unlawful Detainer — Pleading — Tenancy at Sufferance — Holding over after Term — Notice to Quit. — A complaint in an action of unlawful detainer, which alleges a tenancy at sufferance, and not at will, and shows that the action is for holding over after expiration of a term, under the first subdivision of section 1161 of the Code of Civil Procedure, need not allege a three days' notice to quit.

Id. — Action by Tenant in Common — Non-joinder of Co-tenants. — Under section 384 of the Code of Civil Procedure, providing that any number less than all of the tenants in common may jointly or severally prosecute or defend any action for the enforcement or protection of their rights, one co-tenant may maintain an action of unlawful detainer without joining the other co-tenants.

Id. — Recovery against Licensee of Co-tenant. — Where it appears that the defendant is in possession of the property with the license or consent of the plaintiff's co-tenant, it is error to render a judgment in favor of the plaintiff for restitution and possession of the whole property. All that he is entitled to is to be let into possession with the defendant to enjoy his moiety.

Id. — Findings — Non-waiver — Failure to Find — Rental Value. — Findings are required in an action of unlawful detainer; and where the record shows affirmatively that findings were not waived, a failure of the court to find upon an issue as to the rental value of the premises is ground for reversal of the judgment.

Id. — Failure to Prove Rental Value — Erroneous Judgment — Treble Rent. — Where an issue was raised as to the rental value of the
XCL Cal.—38

premises, and it does not appear from the record on appeal that any evidence was offered upon the question by either party, and the action was commenced three days after the alleged expiration of the defendant's term, a judgment for a sum as "trebled rent for said premises," in three times the amount alleged in the complaint as the monthly rental value, cannot be sustained.

Id. — Recovery of Rent by Co-tenant — Agreement Allotting Rents. — A tenant in common cannot recover all the rents and profits, even as against a trespasser; though perhaps in a proper action he may recover all rents and profits due for a period allotted to him, under an agreement by the terms of which each co-tenant is to collect the rents for every alternate period of six months.

Appeal from an order of the Superior Court of the city and county of San Francisco denying a new trial, from an order made after final judgment refusing to vacate and set aside the judgment, from an order made after final judgment refusing to restore the defendant to possession of the premises in controversy, and from an order made after final judgment refusing to strike out the plaintiff's cost-bill.

The facts are stated in the opinion of the court.

*Smith & Murasky,* and *James F. Smith,* for Appellants.

The statute requires the three days' notice to quit to be given, and it is necessary to allege the giving of the notice to state a cause of action for unlawful deainer. (Civ. Code, sec. 791; *Martin* v. *Splivalo,* 56 Cal. 129; *Smith* v. *Hill,* 63 Cal. 51.) After a tenancy has expired by limitation, an unlawful detainer of the premises dates only from the service of the notice; and an action for unlawful detainer can be maintained only after the period specified in the notice has expired. (Civ. Code, sec. 791; *Kower* v. *Gluck,* 33 Cal. 406; *Martin* v. *Splivalo,* 56 Cal. 159; *Smith* v. *Hill,* 63 Cal. 51; *Silva* v. *Campbell,* 84 Cal. 420.) Chay Yune being one of the tenants in common, he could, without question, have allowed the defendant to remain in possession after the term of the lease had expired, and therefore he was a necessary party plaintiff to this action, in order to support a judgment for the restitution of the premises, and for treb'ed

rents or damages for the time of the detention. (*Dewey* v. *Brown*, 2 Pick. 387; *Carpentier* v. *Small*, 35 Cal. 346; *Ord* v. *Chester*, 18 Cal. 77.) A judgment for trebled rents is erroneous where the complaint in the action states or attempts to state a cause of action for holding over after the term, and for damages for the detention after the expiration of the term, especially as in this case, where even a suggestion of the existence of the relation of landlord and tenant or of rent being due is entirely negatived. (*Black* v. *Merrill*, 65 Cal. 92; *Taylor* v. *McLain*, 64 Cal. 513; *Hopkins* v. *Orcutt*, 51 Cal. 537; *Bohall* v. *Miller*, 41 Cal. 532.) The complaint alleges that plaintiff was a tenant in common. One co-tenant cannot recover the entire possession, and also recover the whole of the rents and profits, or the whole of the damages for the detention, even from a trespasser. (*Clark* v. *Huber*, 20 Cal. 196; *Muller* v. *Boggs*, 25 Cal. 175.) Even if the action were properly brought, and the proper parties joined, and the complaint stated a cause of action for an unlawful detainer, the judgment is erroneous, as it is against the defendant, a subtenant, for trebled rents. (Code Civ. Proc., secs. 1161, subd. 3, 1162; *Pardee* v. *Gray*, 66 Cal. 524.) No statutory three days' notice was given, and even if the notice was given, the action was prematurely brought. (Civ. Code, sec. 791; *Uridias* v. *Morrell*, 25 Cal. 35; *Hauxhurst* v. *Lobree*, 38 Cal. 563; *McCarthy* v. *Yale*, 39 Cal. 585; *Martin* v. *Splivalo*, 56 Cal. 129; *Smith* v. *Hill*, 63 Cal. 51; *Silva* v. *Campbell*, 84 Cal. 420.) One tenant in common cannot maintain an action of an unlawful detainer against his co-tenant, or against a person in possession by permission of his co-tenant. (*Lick* v. *O'Donnell*, 3 Cal. 59; 58 Am. Dec. 383; *Pico* v. *Columbet*, 12 Cal. 423; 73 Am. Dec. 550; *Ewald* v. *Corbett*, 32 Cal. 493; *Sherman* v. *McCarthy*, 57 Cal. 515; *Carpentier* v. *Small*, 35 Cal. 346; *Ord* v. *Chester*, 18 Cal. 77.) The judgment should be reversed, for the reason that no decision of the court, or findings of fact and conclusions of law, were signed or filed, and the same were not waived. (Code Civ. Proc., secs. 632–634, 1174; *Dowd* v. *Clarke*, 51

Cal. 262; *Smith* v. *Lawrence*, 53 Cal. 154; *Haffenegger* v. *Bruce*, 54 Cal. 416; *Van Court* v. *Winterson*, 61 Cal. 615; *Estate of Burton*, 63 Cal. 36; *Bennett* v. *Pardini*, 63 Cal. 154; *Mace* v. *O'Reilley*, 70 Cal. 234; *Savings and Loan Soc.* v. *Thorne*, 67 Cal. 53.) This action was instituted two days after the commencement of the alleged holding over, and judgment rendered twenty days after such alleged holding over commenced for trebled rents. Clearly, the judgment is unsupported by the evidence. (*Black* v. *Merrill*, 65 Cal. 92; *Taylor* v. *McLain*, 64 Cal. 513; *Hopkins* v. *Orcutt*, 51 Cal. 537; *Bohall* v. *Miller*, 41 Cal. 532.)

*Charles S. Wheeler*, for Respondent.

A written decision embracing findings of fact and conclusions of law is not required in actions of unlawful detainer, as such actions are summary proceedings, and a general finding "in favor of the plaintiff" is all that is necessary. (Code Civ. Proc., secs. 1166, 1173, 1174.) It was not necessary that the complaint should allege that three days' notice to quit was given. (*Canning* v. *Fibush*, 77 Cal. 196; *Silva* v. *Campbell*, 84 Cal. 422; *Stoppelkamp* v. *Mangeot*, 42 Cal. 322.) It was unnecessary to join Chay Yune as a party plaintiff or defendant, and the demurrer on that ground was properly overruled, as one co-tenant may maintain an action of unlawful detainer for the enforcement and protection of his rights without joining his co-tenant. (Code Civ. Proc., secs. 384, 1165. See *Bowers* v. *Cherokee Bob*, 45 Cal. 509.) The defendant, Quan Wo Chong & Co., was a stranger to the title, and against it the plaintiff could recover the entire possession, unless said defendant established a lawful holding of the moiety of one of the co-tenants. And this it did not do. (*Bowers* v. *Cherokee Bob*, 45 Cal. 509; Freeman on Cotenancy and Partition, 2d ed., sec. 344.) As against his co-tenant, one tenant in common can recover his moiety of the possession in this action, provided, of course, that he is bound to show that the relation of landlord and tenant exists between him and the defendant; for upon this relation the action of un-

lawful detainer is predicated. (Freeman on Cotenancy and Partition, 2d ed., secs. 164, 295; Taylor on Landlord and Tenant, sec. 115.) As this action lies between co-tenants for the recovery of a leased moiety, it must follow that one co-tenant can likewise sue a stranger who has leased his moiety, and who holds over. A judgment for treble damages against a subtenant holding over is proper, as he is legally in the position of an assignee of the term. (See *Smiley* v. *Van Winkle*, 6 Cal. 606; *Blumenberg* v. *Myres*, 32 Cal. 93; *Schilling* v. *Holmes*, 23 Cal. 227.) It is objected that the complaint asks for treble damages, while the judgment calls for treble rents, but the measure of damages in this action is the value of the rents, and these may be trebled. (*Kower* v. *Gluck*, 33 Cal. 407; Wood on Landlord and Tenant, 957; 1 Sedgwick on Measure of Damages, 254.)

Paterson, J.—This is an action of unlawful detainer. It is the same case as No. 13088, decision this day filed (*ante*, p. 592); but the appeal herein is from an order denying the defendant's motion for a new trial, from an order made after final judgment denying the defendant's motion to vacate and set aside the judgment from which an appeal was taken in No. 13088, and from an order refusing defendant's motion to strike out the plaintiff's cost-bill.

The last two orders referred to are non-appealable. The appeal therefrom is therefore dismissed. (*Eureka etc. R. R. Co.* v. *McGrath*, 74 Cal. 49.)

It is claimed by the appellant that the complaint does not state a cause of action against the defendant, because there is no allegation that the defendant was given the three days' notice required by section 1161 of the Code of Civil Procedure. But the tenancy alleged in the complaint is a tenancy at sufferance, and not at will; and as the action is based upon the first subdivision of the section referred to, no notice was required. (*Canning* v. *Fibush*, 77 Cal. 196; *Stoppelkamp* v. *Mangeot*, 42 Cal. 322.) It is also claimed by appellant that Chay Yune should have been made a party plaintiff, because

it is shown in the complaint that he and the plaintiff are co-tenants. Section 384 of the Code of Civil Procedure answers this objection; it provides that any number less than all of the tenants in common may jointly or severally prosecute or defend any action for the enforcement or protection of their rights.

There are several grounds, however, upon which the judgment must be reversed. The complaint alleged that the monthly value of the rents and profits of the premises was the sum of $125. The answer denied that the rental value of the premises was the sum of $125, or any sum greater than the sum of $75. There is no finding upon this issue, and the record shows affirmatively that findings were not waived. There was an issue, also, — and it seems to have been the only question inquired into at the trial, — as to whether the defendant was holding possession of the premises by and with the consent of Chay Yune. Upon this issue, also, there was no finding. It is claimed by respondent that findings in actions of this kind are not required. This position, however, is manifestly untenable. (Code Civ. Proc., secs. 633, 634, 1174, 1177.)

The evidence does not support the judgment. It is expressly alleged in the complaint that "this plaintiff and one Chay Yune are successors in interest of said E. L. Goldstein, and to said building on the northwest corner of Dupont and Clay streets, and in and to said lease executed to Pee Han, and that they hold title to the same as tenants in common." The uncontradicted evidence shows that the defendant was in possession of the property with the consent of said Chay Yune. All that the plaintiff was entitled to, therefore, was to be let into possession with the defendant, — to enjoy his moiety. (Freeman on Cotenancy and Partition, secs. 180, 220; *Pickard* v. *Perley*, 45 N. H. 191; 76 Am. Dec. 153; *Ord* v. *Chester*, 18 Cal. 80.)

One tenant in common may, "by either lease or license, . . . . confer upon another person the right to occupy and use the property of the co-tenancy as fully as such

lessor or licensor himself might have used or occupied it if such lease or license had not been granted. If either co-tenant expel such licensee or lessee, he is guilty of a trespass. If the lessee has the exclusive possession of the premises, he is not liable to any one but his lessor for the rent, unless the other co-tenants attempt to enter and he resists or forbids their entry, or unless, being in possession with them, he ousts or excludes some or all of them." (Freeman on Cotenancy and Partition, sec. 253.) There is no evidence tending to show that the defendant ever refused to allow the plaintiff to enjoy the use of the premises with him. The judgment does not confine the plaintiff's right of recovery to his own moiety, but provides that the plaintiff shall have and recover from defendant the restitution and possession of the premises described in the complaint.

The judgment is erroneous in another regard. As stated before, there was an issue as to the rental value of the premises. The court gave the plaintiff judgment for the sum of $375, "being trebled rent for said premises."

The record fails to show that any evidence on the question of rental value was offered by either party. The action was commenced three days after the alleged expiration of the defendant's term. It is difficult to see, therefore, how any evidence under the allegation as to rental value could have justified the allowance of $375. Even as against a trespasser, a tenant in common cannot recover all the rents and profits. (*Muller* v. *Boggs*, 25 Cal. 175.) There is evidence tending to show that the plaintiff and his co-tenant had entered into an agreement by the terms of which each was to collect the rents for every alternate period of six months. Perhaps under this agreement the plaintiff in a proper action would be entitled to recover all rents and profits due for the periods allotted to him.

It is claimed by respondent that the order denying the motion for a new trial should be affirmed because the notice of intention was served too late. The facts upon which this contention is based were considered in *Quan*

*Wo Chong* v. *Superior Court*, No. 13237, upon a petition by the defendant for a writ of mandate to compel the superior court to settle the appellant's statement on motion for a new trial. A peremptory writ was issued therein on May 24, 1889.

The order denying the motion for a new trial is reversed.

HARRISON, J., and GAROUTTE, J., concurred.