[18069.    Department Two.—June 3, 1893.]

## JACOB McKISSICK, RESPONDENT, v. THOMPSON ASHBY, APPELLANT.

LANDLORD AND TENANT—ACTION FOR POSSESSION AT EXPIRATION OF TERM— PLEADING—SUFFICIENCY OF COMPLAINT.—A complaint which alleges in substance that plaintiff had leased certain premises to defendant yearly, at a certain annual rent; that before the expiration of the last year he notified defendant that he would not renew the lease, and requested him to surrender and vacate the premises, which he refused and still refuses to do, and has withheld and still withholds the possession thereof, to plaintiff's damage in a specified sum, and has failed and refused to pay the rent for the last year, and praying judgment for possession of the premises, damages, and rent due, states a cause of action, and is sufficient to support findings and judgment for the plaintiff.

ID.—AVERMENT OF POSSESSION—DEMURRER.—The averment that defendant has withheld and still withholds the possession of the premises from the plaintiff implies that plaintiff is in possession, and is a sufficient averment of that fact as against a general demurrer, in the absence of a demurrer that the complaint is ambiguous or uncertain in that regard.

ID.—YEARLY LEASE—TENANCY AT WILL—EXPIRATION OF FIXED TERM.—The averment that defendant leased the lands to plaintiff from year to year, commencing on the first day of March, 1886, down to the first day of March, 1889, for a specified rent, which defendant promised and agreed to pay plaintiff annually therefor, does not show a tenancy at will, but a tenancy for a fixed term which expired March 1, 1889.

ID.—RIGHT OF RE-ENTRY—NOTICE TO QUIT—DEMAND OF POSSESSION.—A landlord who has leased premises for a fixed term has a right to re-enter upon the expiration of the term, and to maintain an action for possession without previous notice to quit, or demand for possession after the expiration of the term.

ID.—ESTOPPEL OF TENANT TO DENY LANDLORD'S TITLE.—A tenant who is holding over after the term cannot deny his landlord's title without first surrendering to him the possession.

Id.—Evidence—Occupancy of Tenant—Withholding of Possession.—In an action by a landlord to recover the possession of premises held by a tenant after the expiration of the term, it is proper for the plaintiff to show that the defendant continued in the occupancy of the land and was withholding its possession from him.

Id.—Proof of Plaintiff's Title—Priority with Government—Entry of Desert Lands—Certificate of Register.—Such action could be maintained without a showing of priority with the government; and it cannot be error prejudicial to the defendant for plaintiff to be permitted to prove his priority with the government of the United States, by producing in evidence a certificate of the register of the local land office showing an entry of the lands in question as desert lands, and a conveyance to the plaintiff from the person entering the same, instead of producing a certified copy of the certificate of purchase or receiver's receipt from the general land office.

Appeal from a judgment of the Superior Court of Lassen County, and from an order denying a new trial.

The facts are stated in the opinion.

*Spencer & Raker, Clarence A. Raker,* and *C. McClaskey,* for Appellant.

The complaint fails to state facts constituting a cause of action. If it is intended as a complaint in unlawful detainer, it is defective for failing to allege a demand for possession of the premises after the expiration of the term. (*Ray* v. *Armstrong,* 4 Cal. 208; *Rogers* v. *Hackett,* 49 Cal. 121; Code Civ. Proc., secs. 1161, 1162.) As a complaint in ejectment it is also insufficient as it fails to allege that the defendant was in the adverse possession of the land, or withheld it. (*Payne* v. *Treadwell,* 16 Cal. 223; *Haight* v. *Green,* 19 Cal. 113; *Marshall* v. *Shafter,* 32 Cal. 177; *McCarty* v. *Yale,* 39 Cal. 585; *Keller* v. *Ruiz,* 48 Cal. 638; *Garner* v. *Marshal,* 9 Cal. 268; *Noe* v. *Card,* 14 Cal. 577; *White* v. *Moses,* 21 Cal. 43; *Buhne* v. *Corbett,* 43 Cal. 264; *Hussman* v. *Wilke,* 50 Cal. 250; *Shaeffer* v. *Matzen,* 59 Cal. 652; *Easton* v. *O'Reilly,* 63 Cal. 305.)

*Goodwin & Goodwin,* for Respondent.

The plaintiff was not required to give defendant any notice or make any demand for the premises before suit, as the defendant's rights under the lease terminated prior thereto. (Civ. Code, sec. 1933; *Moore* v. *Morrow,* 28 Cal. 551; *Stopperkamp* v. *Mangeat,* 42 Cal. 316; *Canning* v. *Fibush,* 77 Cal. 196.) Not

only had his lease terminated, but by his answer he ignored all tenancy and made himself a trespasser. (*Smith* v. *Ogg Shaw*, 16 Cal. 89.)

Belcher, C.—This action is in the nature of ejectment, and was commenced April 22, 1889.

It is alleged in the complaint that the plaintiff now owns, and for more than eight years he and his grantors have owned, certain described lands in Lassen County; that defendant leased the said lands of plaintiff from year to year, commencing on the first day of March, 1886, down to the first day of March, 1889, for the sum of one hundred and eighty dollars rent, which defendant agreed and promised to pay plaintiff annually therefor; that on the twenty-seventh day of February, 1889, plaintiff duly notified defendant that he would not renew the lease, and requested him to vacate and surrender the premises; that defendant refused and still refuses to vacate the premises or to deliver the same to the plaintiff, and has withheld and still withholds the possession thereof from the plaintiff, and has ousted and ejected plaintiff therefrom, to his damage in the sum of fifty dollars; that defendant has failed and refused to pay to plaintiff the said rent for the year next before the first day of March, 1889, amounting to one hundred and eighty dollars, and that the whole of that sum is due and owing to plaintiff from defendant. Wherefore judgment is asked that defendant be ejected from the said lands, and the plaintiff restored to the possession thereof, and also for damages in the sum of fifty dollars, and for rents due in the sum of one hundred and eighty dollars, with costs. A general and special demurrer to the complaint was interposed by the defendant, but what ruling, if any, was made upon it does not appear from the record. An answer was also filed by defendant denying all the averments of the complaint. The case was tried by the court without a jury, and the findings upon all the issues were in favor of the plaintiff, except that the damages were fixed at one dollar. Judgment was then entered in accordance with the findings, from which, and from an order denying his motion for new trial, the defendant appeals.

1. Appellant contends that the complaint fails to state facts sufficient to constitute a cause of action, because: 1. If it is

regarded as a complaint for unlawful detainer, then, in order to
maintain the action, it was necessary that a demand for the pos-
session of the premises should have deen made after the expi-
ration of the term, and no such demand is alleged to have been
made; and 2. If it is regarded as an ordinary complaint in
ejectment, then an averment that defendant was in possession
of the demanded premises or of some part thereof, at the time
of the commencement of the action, was necessary, and that no
such averment is made. Section 1161 of the Code of Civil
Procedure, cited by appellant, provides as follows:—

"A tenant of real property, for a term less than life, is guilty
of unlawful detainer—

"1. When he continues in possession, in person or by sub-
tenant, of the property or any part thereof, after the expiration
of the term for which it is let to him, without the permission
of his landlord, or the successor in estate of his landlord, if any
there be; but in case of a tenancy at will, it must first be ter-
minated by notice as prescribed in the Civil Code."

Here the defendant was not a tenant at will, but for a fixed
term which expired March 1, 1889. The hiring of a thing ter-
minates at the end of the term agreed upon. (Sec. 1933, Civ.
Code.) The notice served was only to the effect that plaintiff
would not renew the lease and that defendant must give up pos-
session of the property. Such a notice was not necessary, but
it served to inform defendant that, if he continued in possession
of the property after the expiration of the term for which it
was let to him, he would do so without the permission of his
landlord, and would be guilty of unlawful detainer. Under
the facts stated, we think the plaintiff had a right to re-enter
when the term expired, and to maintain an action for posses-
sion without previous notice or demand. (Sec. 793, Civ. Code;
*Canning* v. *Fibush,* 77 Cal. 196.) And if the complaint is
regarded as an ordinary one in ejectment, we think the same
conclusions must follow. It alleges, in substance, that plaint-
iff leased the demanded premises to the defendant, that the lease
had expired, and that defendant refuses to vacate the premises
and "has withheld and still withholds the possession thereof
from the plaintiff." This clearly implies that defendant is in
possession; and it must be held a sufficient averment of that

fact, certainly in the absence of a demurrer that the complaint is ambiguous or uncertain in that regard; but no such objection was taken.

2. Appellant also contends that the findings were all contrary to the evidence, and not justified thereby. There was, however, evidence tending to support the findings, and, under the well-settled rule as to conflicting evidence, we think it must be held sufficient here. The defendant did not in giving his testimony deny, so far as we can discover, that he held the land in controversy during the years 1886 and 1887 under leases from the plaintiff, but he claimed that the lease was not renewed for the year 1888. Admitting this to be so, still he could not deny the plaintiff's title without first surrendering to him the possession, and this he had evidently failed and refused to do.

3. When the plaintiff was upon the stand as a witness in his own behalf his attorney asked him the following questions: "State whether or not since he went on it in 1886, up to the time you made the demand on him, he continues to occupy and use the land? State whether or not the defendant still occupies this disputed tract of land?" The questions were objected to as irrelevant, incompetent, and immaterial, and the objections were overruled and exceptions taken. It is urged that these rulings were erroneous, but we see no error in them. It was entirely proper for the plaintiff to show that defendant continued in the occupancy of the land and was withholding its possession from him.

4. The plaintiff was permitted, over the objections of defendant, to read in evidence a copy of the record in the United States land office at Susanville, certified by the register of the office to be a true and correct copy, showing that on May 15, 1880, one John P. McKissick had entered the lands in question as desert lands; and also a deed executed by the said McKissick on December 9, 1881, conveying the said lands to the plaintiff. It is urged now that the copy offered was not competent evidence to show the entry; that the only competent evidence for that purpose would have been a certified copy of the certificate of purchase or receiver's receipt, the original of which was in the general land office at Washington; and that the deed was

not admissible for the reason that the plaintiff failed to connect himself with the government title or show that the title had passed from the government.

We see no prejudicial error in the rulings complained of under this head. The object undoubtedly was to show privity with the government, but without such showing the action might be maintained.

We advise that the judgment and order be affirmed.

Searls, C., and Haynes, C., concurred.

For the reasons giving in the foregoing opinion, the judgment and order are affirmed.

McFarland, J., De Haven, J., Fitzgerald, J.

Hearing in Bank denied.