[S. F. No. 1890. Department One.—Sept. 1, 1899.]

## A. C. KUHN et al., Respondents, v. CHARLES C. SMITH, Appellant.

LANDLORD AND TENANT—LEASE FOR YEARS—DUTY OF TENANT AT EXPIRATION OF TERM.—A tenant in possession under a lease for a fixed term, is a tenant for years, and is in duty bound, at the expiration of his term, to surrender possession without notice of any kind.

ID.—LEASE OF AGRICULTURAL LAND—HOLDING OVER—TENANCY AT WILL—NOTICE TO QUIT—EJECTMENT.—The mere holding over by a tenant under a lease of agricultural lands, after the expiration of the term fixed therein, for a period of six weeks, without consent of the owner, though without previous demand for possession, does not constitute a tenancy at will, or entitle the tenant to any notice to cut off his rights, before the bringing of an action of ejectment against him by the owner.

APPEAL from a judgment of the Superior Court of Santa Clara County. A. S. Kittredge, Judge.

The pleadings and findings disclose that on the thirteenth day of December, 1897, plaintiffs executed a written lease of a tract of eighteen thousand two hundred and fifteen acres of agricul-

tural land in the Rancho Yerba Buena in Santa Clara county to the defendant, for a fixed term ending October 1, 1898; that the lease did not provide expressly for a re-entry; that defendant held possession during the term, and continued to hold possession thereafter without any further agreement or arrangement, until the fifteenth day of November, 1897, when plaintiffs served a written demand for possession, which demand was refused; and that neither of the plaintiffs ever said or did anything to allow the defendant to occupy the premises after the term. Plaintiffs brought this action of ejectment December 16, 1898.

John H. Moore, and Charles Clarke, for Appellant.

The delay of six weeks in allowing the tenant of agricultural lands to hold over, during which preparations would naturally be made for a new crop, under a lease not providing for a re-entry, should be held to create a tenancy at will, requiring one month's notice to terminate it. (Civ. Code, secs. 789, 790.) The phrase "tenants at will," under our statute, includes "tenants by sufferance." (Civ. Code, sec. 761; code commissioners' note; Deering's Annotated Civ. Code, note to sec. 761.)

S. F. Leib, for Respondents.

Defendant was not a tenant at will. Tenancy at will depends upon express contract. (1 Bouvier's Law Dictionary, 692; *Blum v. Robertson*, 24 Cal. 144, 145.) The holding over not having continued for sixty days no notice was required by the statute. (Code Civ. Proc., sec. 1161, subd. 2.) No notice is required before bringing ejectment against a tenant holding over a fixed term without contract, by mere sufferance for a short period. (1 Bouvier's Law Dictionary, 629, tit. "Estate at Sufferance"; *McLeran v. Benton*, 73 Cal. 340; 2 Am. St. Rep. 814; *McKissick v. Ashby*, 98 Cal. 422; *Perine v. Teague*, 66 Cal. 446; *Canning v. Fibush*, 77 Cal. 196; *Lee Chuck v. Quan Wo Chong Co.*, 91 Cal. 597.) The defendant has denied plaintiff's title, and has not pleaded a tenancy at will; and is not entitled to rely upon a notice to quit, under the pleadings. (*Bolton v. Landers*, 27 Cal. 104; *McCarthy v. Brown*, 113 Cal. 15; *Hihn v. Fleckner*, 106 Cal. 95; *Perine v. Teague, supra; Payne v. Treadwell*, 16 Cal. 244.)

GAROUTTE, J.—This is an action of ejectment. Plaintiffs, by writing, leased certain agricultural lands to defendant for a fixed, definite period—about ten months. Upon the expiration of the lease defendant refused to give up possession, and this action was commenced. Plaintiffs commenced the action some six weeks after the lease had expired, and defendant now rests his right of possession upon the claim that after the expiration of the lease he became a tenant at will, and by virtue of such tenancy he was entitled to a notice of thirty days (Code Civ. Proc., sec. 1162) before action could be brought to eject him. In other words, his only defense is that the action is prematurely brought. There is nothing whatever in the claim made. The defendant was not a tenant at will. Under his lease he was a tenant for years, and upon the expiration of his term it was his duty to move without notice. He had no rights of any kind which demanded a notice in writing in order that they might be cut off.

It is not the law of this state that a tenant who remains in possession, perchance a single day after the expiration of his lease, thereby becomes a tenant at will and must be served with a thirty-day notice before he may be ejected. Upon a similar state of facts it is said in *McKissick v. Ashby,* 98 Cal. 425: "Under the facts stated, we think that plaintiff had a right to reenter when the term expired and to maintain an action for possession without previous notice or demand." It is also said in *Canning v. Fibush,* 77 Cal. 196: "And inasmuch as the lease expired by its own limitation there was no necessity of a notice to terminate it. . . . . This being the case, we do not see how the defendants had any right to continue in possession, and, if they had no such right, why the plaintiff should not recover the premises, with damages for the detention." In *Perine v. Teague,* 66 Cal. 446, the syllabus is as follows: "A tenant who enters and continues in possession of the demised premises under a written lease until the expiration of the term, does not thereafter become a tenant at will by refusing to surrender that possession and by holding over without the consent of the lessor."

For the foregoing reasons the judgment is affirmed.

Van Dyke, J., and Harrison, J., concurred.