[No. 29. Third Appellate District.—July 5, 1905.]

## J. J. BUHMAN, JR., et al., Appellants, v. NICKELS & BROWN BROS., a Corporation, Respondent.

UNLAWFUL DETAINER—EXECUTORS' SALE OF LEASED PROPERTY—INEF-
FECTUAL APPEAL FROM CONFIRMATION—DEMURRER TO ANSWER.—
Where the complaint in unlawful detainer states a cause of action
in favor of plaintiffs as purchasers of the leased property at

executors' sale confirmed to them, an answer not denying its aver-
ments, and merely pleading a sale to the defendant and a pending
appeal by defendants from the order of confirmation to plaintiffs,
which it shows to be ineffectual for failure to file the undertaking
in time, states no defense, and a demurrer thereto was improperly
overruled.

ID.—TERMINATION OF TENANCY—NOTICE—STIPULATION IN LEASE.—
Where the lease expressly stipulated that in case of sale of the
leased premises the lessee would quit and surrender the said prem-
ises upon thirty days' written notice, when the notice stipulated was
given the defendant could not prevent the lease from lapsing,
and no further notice of three days was required to sustain an
action for unlawful detainer.

ID.—REHEARING—AMENDMENT OF MISTAKE IN ANSWER—EFFECTIVENESS
OF APPEAL—POINT NOT URGED ON HEARING—PROTECTION OF RE-
SPONDENT.—A rehearing will not be granted to allow respondent
to amend the record by showing a mistake in the preparation of
the answer as to the effectiveness of the appeal therein pleaded
from the order confirming the sale to plaintiffs, where no such point
was made or suggested on the hearing, and no notice was taken by
respondent of appellants' argument upon the ineffectiveness of the
appeal, and where such amendment would involve an amendment
of the answer of which respondent may avail himself in the trial
court. The ruling adhered to by this court will not prevent the
respondent from taking every advantage which his appeal may
in fact give him.

APPEAL from a judgment of the Superior Court of Napa
County. H. C. Gesford, Judge.

The facts are stated in the opinion of the court.

Weber & Rutherford, for Appellants.

Bell, York & Bell, for Respondent.

McLAUGHLIN, J.—Unlawful detainer. The complaint
contains allegations showing that the executors of the last
will of Charles Robinson, deceased, leased certain real prop-
erty of the estate in Napa County to the defendant corpora-
tion, and that the defendant went into possession under said
lease. That the lease contained the following covenant: "It
is further mutually understood and agreed by the parties
hereto, that in case of a sale of the demised premises that the
said second party will *quit and surrender the said premises
upon 30 days' written notice,* and the said first parties will

pay to the said second party the actual cost or expense that said second party may have been put to in putting any crop of hay or grain upon said premises.'' That the will of Robinson, deceased, authorized and empowered the executors to sell any property of the estate, without order or notice, at public or private sale. That under said power the executors sold the leased land to plaintiffs, at private sale, on October 15, 1902. That said sale was reported to the superior court on November 26, 1902, and on December 30, 1902, an order confirming the sale was made and entered. That pursuant to said sale a deed was executed by the executors on said last-mentioned day, which deed was delivered to plaintiffs on January 29, 1903, and that ever since said date they have been the owners of the premises. That on the fourth day of February, 1903, plaintiffs served upon defendant a written notice stating that the property had been sold to plaintiffs, and demanding that said defendant quit and surrender possession of said premises within thirty days from the date of said service. That on February 12th following a notice was served by plaintiffs upon defendant demanding that defendant furnish plaintiffs with a statement of the actual cost or expense that defendant had been put to in putting in a crop of hay and grain. That on March 6, 1903, plaintiffs served upon defendant an offer in writing to pay defendant for putting forty acres into hay and grain at a cost of four dollars per acre. That defendant failed to furnish a statement of cost and expense as requested, or to accept the offer so made, and remained in possession and occupancy of the premises and refused to quit or surrender possession of the same. Then followed an averment that the acreage put into hay and grain amounted ''*to about forty acres,* and that the actual cost or expense that defendant was or has been put to in putting in said crop of hay or grain *does not exceed* $4.00 per acre.'' Plaintiffs then further alleged that the *value of the rents and profits was five hundred dollars per month.* The prayer was for restitution of the premises, for the value of the rents and profits trebled, and for costs. Attached to and made a part of the complaint was a copy of the lease in which the monthly rental is fixed at fifty dollars from January to July and twenty-five dollars for the remainder of the year. Defendant, answering, alleged, in substance, that the executors had sold the land to defendant, and that, as such

purchaser, defendant had contested the confirmation of the sale to plaintiffs, and had taken an appeal from the order confirming said sale, which appeal was then pending. It appears from the averments of the answer that the notice of appeal was served on January 12, 1903, and that the undertaking on appeal was not filed until January 19, 1903, *seven* days after the notice of appeal was served. The pendency of the appeal was the only defensive matter pleaded in the answer, and none of the averments of the complaint were denied therein. To such answer the plaintiffs demurred upon the ground that it did not state facts sufficient to constitute a defense to the action. The court overruled the demurrer, and such ruling is assigned as error. The undertaking on appeal not having been filed within five days after the notice of appeal was served, the appeal was ineffectual for any purpose. (Code Civ. Proc., sec. 940; *San Francisco Law and Collection Co.* v. *State,* 141 Cal. 358, [74 Pac. 1047] ; *Hoyt* v. *Stark,* 134 Cal. 179, [86 Am. St. Rep. 246, 66 Pac. 223] ; *Robinson* v. *Templar Lodge,* 114 Cal. 41, [45 Pac. 998] ; *Reed* v. *Kimball,* 52 Cal. 325.) The order overruling the demurrer was, therefore, erroneous. The respondent, however, claims that such error was not prejudicial, and that upon the findings, which are identical with the averments of the complaint and answer, the judgment should be for defendant in any event. This contention is based upon the proposition that the notice to quit and surrender possession given pursuant to the terms of the lease merely terminated the lease, and hence a further notice styled a "three days' notice to quit" was essential before an action in unlawful detainer would lie. The covenant in the lease was that the defendant would "quit and surrender possession upon 30 days' notice." The law neither does nor requires an idle act, and it would certainly be idle to require three days' notice to quit, in view of the express stipulation of the parties and plaintiffs' compliance therewith. The defendant could not, by any act or acts, prevent the lease from lapsing, and under such conditions no further notice was required. (Code Civ. Proc., sec. 1161; *Harloe* v. *Lambie,* 132 Cal. 135, [64 Pac. 88] ; *Earl Fruit Co.* v. *Fava,* 138 Cal. 76, [70 Pac. 1073] ; *Kelly* v. *Teague,* 63 Cal. 68.) Besides, a reasonable construction of the lease leads to the conclusion that the parties understood and intended that a sale would

terminate the lease, and that in such event thirty instead of three days' notice to quit would be necessary. It results that the complaint did state a cause of action, and that the findings in accordance with such complaint would not support, much less authorize, a judgment for defendant.

Appellants ask that the trial court be directed to enter judgment upon the findings according to the prayer of the complaint. This cannot be done. The lease shows the rental value which may be trebled (Civ. Code, sec. 3345; Code Civ. Proc., sec. 1174), and the prayer is according to the general averment as to the value of rents and profits. Damages in such actions as the one at bar must be fixed in accordance with rules of law. (Civ. Code, secs. 3334, 3345; Code Civ. Proc., sec. 1174; *Jack* v. *Sinsheimer,* 125 Cal. 566, [58 Pac. 130].) And it is obvious from an inspection of the complaint and prayer that it would be disregarding these rules to award the amount asked in the prayer. The defendant, under the complaint, is also entitled to have his expense and cost of putting in crops of hay and grain ascertained. This cannot be done when the averment is as indefinite as it is in this case, for "about forty acres at a cost of not to exceed four dollars per acre" would be an uncertain basis upon which to rest the measure of defendant's right.

The judgment is reversed.

Buckles, J., and Chipman, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 1, 1905, and the following opinion was rendered thereon:—

CHIPMAN, P. J.—The petition for a rehearing is denied.

This court on July 5, 1905, reversed the judgment which was rendered by the trial court in favor of defendant. Defendant now asks a rehearing on the ground that its answer erroneously alleged that the notice of appeal from the order confirming the sale of the real property in question was filed on January 12, 1903, when, in fact, it was not filed until January 19, 1903, on which day, also, the undertaking was filed. As the record stood when the cause was submitted here, it appeared by the answer that the undertaking was not

filed five days after the notice of appeal was served, and, hence, as we held, the appeal was ineffectual for any purpose.

In appellant's brief the point was distinctly made and attention was specifically drawn to the allegations of the answer, and numerous cases were cited in support of the point. Respondent took no notice of the matter, and in its brief made no suggestion that there was any clerical or other error in the date given for the service of said notice of appeal, but relied wholly on its demurrer to the complaint.

The supreme court has denied rehearing in numerous cases (but few of which are reported), where points made in the briefs have been waived or presumably confessed, by failure to argue or notice them, and afterwards the losing party has sought to have the same points heard by petition for a rehearing. (See *Atherton* v. *Board of Supervisors,* 48 Cal. 157; *Dougherty* v. *Henarie,* 49 Cal. 686; *People* v. *Northey,* 77 Cal. 618, [19 Pac. 865, 20 Pac. 129].)

In the present case the court had every reason for assuming that the facts were as stated in the answer, and we do not think the defendant should be permitted to have a rehearing for the purpose of correcting the record after having deliberately ignored the matter when its attention was called to it. Furthermore, it is not claimed that the answer as printed in the record is other than the answer served and filed; the claim is that a mistake occurred in its preparation, and thus we are asked in effect to permit an amendment of the pleadings, which we doubt our right to do. We have less hesitancy in denying in view of the fact that defendant still has the opportunity to fully protect its rights in the trial court. The ruling of this court as to the appeal pleaded in the answer will not prevent the defendant from obtaining every advantage which his appeal may give him.

Upon the remaining questions discussed in the opinion on file we adhere to the views there expressed.

Buckles, J., and McLaughlin, J., concurred.