[No. 67. First Appellate District.—September 16, 1905.]

## MARY LYNDE CRAIG, SAMUEL LYNDE FOSTER, and MARION B. FOSTER, Respondents, v. G. F. GRAY, and H. GRAY, Appellants.

UNLAWFUL DETAINER—TERMINATION OF LEASE—PLEADING—NOTICE NOT REQUIRED.—In an action for unlawful detainer of real property wrongfully detained by a lessee after the expiration of the terms of the lease, without consent of the lessors, the complaint need not allege either a three days' notice to quit or a thirty days' notice to terminate the lease.

ID.—SUPPORT OF FINDINGS AND JUDGMENT—IMMATERIAL OMISSION TO FIND.—Where the findings made are sustained by the evidence and support a judgment rendered in favor of two of the plaintiffs, the failure to find upon an issue as to the title of a third plaintiff, in whose favor no title was proved, is immaterial, as the proper finding upon such issue against such title could not change the judgment rendered.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Fisher Ames, for Appellants.

Leonard Stone, and Mary Lynde Craig, for Respondents.

HALL, J.—The plaintiffs Mary Lynde Craig and Samuel Lynde Foster recovered judgment against defendants for the possession of certain premises, together with the sum of fifteen hundred dollars damages, with interest and costs, in an action of unlawful detainer.

The defendants have appealed from an order denying their motion for a new trial, and from so much of the judgment as awards damages, but not from that portion which awards possession of the premises to plaintiffs.

Appellants urge that "the complaint does not state facts sufficient to constitute a cause of action," and contend that the complaint should contain an allegation of the giving of a notice to quit. But the complaint in this case alleges a holding over without the permission of the landlord or his successor in estate after the expiration of the term fixed in the lease. As alleged in the complaint, by express provisions of said lease, the term thereof expired on the first day of December, 1901. In such a case neither a three days' notice to quit nor a thirty days' notice of the termination of the lease is required. (Code Civ. Proc., sec. 1161, subd. 1. See *Church* v. *Quan Wo Chung & Co.*, 91 Cal. 583, [28 Pac. 45]; *Canning* v. *Fibush*, 77 Cal. 196, [19 Pac. 376]; *Stoppkamp* v. *Mangeot*, 42 Cal. 322; *McKisick* v. *Ashby*, 98 Cal. 424, [33 Pac. 729]; *Perrine* v. *Teague*, 66 Cal. 446, [6 Pac. 84].)

The court found that the defendants, after the expiration of the terms fixed in the lease, continued in possession of the premises without permission of the plaintiffs, or either of them; and the appellants urge that the evidence shows that appellants retained possession of the premises with the consent of plaintiffs. In this connection it may be noted that defendants in their answer deny that they remained in possession of the premises at all after the termination of the lease. But passing this point the evidence was sufficient to warrant the court in finding that defendants remained in possession after the termination of their lease *without the permission of the plaintiffs.*

The premises were leased to defendants by Mary L. Craig and Samuel L. Foster for the purpose of being used by defendants to take rock therefrom. During the last five years of the term the rental was two hundred and fifty dollars per month, payable in advance, and the term expired December 1, 1901. Mary L. Craig testified that she called at the office of the Grays on November 9th preceding the expiration of the lease to see if they wished to renew the lease, but they did not come to any terms. The Grays offered one hundred dollars per month and ten cents per yard for all

over one thousand yards. She told them she wanted two hundred and fifty dollars. She again visited Mr. Gray's office December 2d to order them to take up their tracks. She said, "You were at work to-day and yesterday drilling and taking stone away," and he said, "Why, I thought the lease did not expire until the 12th of December." She said, "It expired on the 1st. Either I wanted the rent or the tracks removed."

She next called December 13th to see why they continued work without paying, and they offered her one hundred and fifty dollars and a certain royalty, which she did not accept.

She returned on the 16th of December "to find out if possible why they are at work without paying, and I got no satisfaction." She further said, "I have not given them permission or consented to their working on any part of that block, nor approved of it, nor given the least intimation of a permission."

The evidence clearly shows that the defendants never consented to pay the two hundred and fifty dollars per month which she demanded, and she never consented that they continue in possession and take rock from the premises unless they would consent to her terms.

Appellants contend that "the court erred in finding that the plaintiff, Samuel Lynde Foster, was entitled to any judgment whatever against the defendants, it having been alleged that before the termination of said written lease, he had transferred all his interest in the said premises to Marion B. Foster," and also that the court erred in finding that Marion B. Foster had no interest in the said premises. These two points may be considered together.

The complaint alleges the making of the lease by Mary Lynde Craig and Samuel Lynde Foster, as lessors, to the defendants, and after proper allegations of the entry under the lease and the holding over it is alleged that Samuel Lynde Foster by gift-deed conveyed all his interest in the premises, before December 1, 1901, to Marion B. Foster. This latter allegation was by the defendants denied, and the record shows no evidence was introduced on the issue.

The court did not expressly find as to whether or not Samuel Lynde Foster did convey to Marion B. Foster, but did find that Marion B. Foster had no interest in said premises.

This may be conceded to be a conclusion of law only.

The findings that were made support the judgment, which is in favor of Mary Lynde Craig and Samuel Lynde Foster. Inasmuch as the defendants denied the allegation of the conveyance from Samuel to Marion and there was no evidence introduced on the issue thus presented, the court would have been obliged to find, if it had made a finding on the issue at all, that no such conveyance had been made. *This would not have changed the judgment at all.* The failure to expressly find on this issue did not, therefore, prejudice defendants.

In *Southern Pacific R. R. Co.* v. *Whitaker,* 109 Cal. 268, [41 Pac. 1083], it was said: "But conceding that there should have been a special finding as to the assessment and payment of taxes, still it clearly appears from the evidence that if such a finding had been made it must have been in favor of defendants. And this being so the plaintiff was in no way prejudiced by the failure, and the judgment cannot be reversed on this ground." (Citing *Hutchings* v. *Castle,* 48 Cal. 152; *People* v. *Center,* 66 Cal. 551, [5 Pac. 263, 6 Pac. 481]; *Murphy* v. *Bennett,* 68 Cal. 528, [9 Pac. 738]; *Winslow* v. *Gohransen,* 88 Cal. 450, [26 Pac. 504].)

In this case, if the court had found that a conveyance had been made from Samuel Lynde Foster to Marion B. Foster, the judgment against the defendants would have been the same, but would have been in favor of Mary Lynde Craig and *Marion B. Foster,* while if the court had found that no such conveyance had been made, which as before stated is the only finding that on the record before us could have been properly made, the judgment would still be against the defendants but in favor of Mary Lynde Craig and *Samuel Lynde Foster,* which is the judgment rendered. Marion B. Foster is not complaining, but, as one of the respondents, is asking this court to affirm the judgment.

We find no error prejudicial to defendants, and the judgment and order are affirmed.

Cooper, J., and Harrison, P. J., concurred.