[Civ. No. 4862. First Appellate District, Division One.—December 17, 1924.]

## DWIGHT E. RYLAND et al., Respondents, v. MAX APPELBAUM et al., Appellants.

[1] LANDLORD AND TENANT—EXPIRATION OF TENANCY—DUTY TO SURRENDER POSSESSION — UNLAWFUL DETAINER — NOTICE. — It is the duty of the tenant, as soon as his tenancy expires by its own limitation, to surrender the possession of the premises and no notice of termination is necessary, the lease itself terminating the tenancy; and if the tenant continues in possession beyond such period, without the permission of the landlord, the tenant is guilty of unlawful detainer, and an action may be commenced against him at once, under the provisions of subdivision 1 of section 1161 of the Code of Civil Procedure, without the service upon him of any notice.

[2] ID.—EXPIRATION OF TERM—EFFECT OF HOLD-OVER CLAUSE—CONSENT.—A provision in a lease that, should the tenant hold over the term created in the lease, such tenancy shall be from month to month only, and be on the same terms and conditions as stated in the lease, does not operate to create a new tenancy unless it is consented to by the landlord, nor can such provisions be

---

1. When tenant guilty of holding over, note, 70 **Am. St. Rep.** 533. See, also, 16 **R. C. L.** 883; 15 **Cal. Jur.** 802.

2. Holding over by tenant under lease giving option for renewal as exercise of option, note, 6 **Ann. Cas.** 341; 19 **Ann. Cas.** 399; **Ann. Cas.** 1915D, 252. See, also, 16 **R. C. L.** 895; 15 **Cal. Jur.** 659–663.

considered as an option for a renewal; and such provision gives the tenant no right whatever to continue in possession without the landlord's permission.

---

(1) 35 C. J., p. 1046, n. 76, p. 1047, n. 95; 36 C. J., p. 640, n. 68, 71.   (2) 35 C. J., p. 1030, n. 59.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harry K. Wolff for Appellants.

Timothy Healy for Respondents.

KNIGHT, J.—Unlawful detainer. On April 10, 1920, plaintiffs leased certain real property to defendants for a term of three years, commencing May 1, 1920, and ending April 30, 1923, under a written lease, which provided for a surrender of the premises at the expiration of the term, and also that "should the said lessee hold over the term herein created, such tenancy shall be from month to month only, and be on the same terms and conditions herein stated." On January 17, 1923, the lessees were personally served with written notice, signed by the lessors, to the effect that the lease would "terminate and end on the 30th day of April, 1923, at twelve (12) o'clock midnight," and that the defendants would be required to vacate said premises and surrender and deliver the possession of the same to plaintiffs "on or before April 30, 1923." Subsequently, on April 20, 1923, by a letter written by plaintiffs' attorney, the defendants were reminded of the previous notice served upon them by the lessors, to the effect that the lease would not be renewed, and suggesting that if defendants would consult an attorney they would be advised that they had no right to continue the occupancy of said premises beyond April 30, 1923; said letter further stated: "Also, please take notice that under the terms of the lease you must surrender possession of the premises on the expiration of the lease. Should you fail to do so, it will become my duty to institute proceedings on behalf of the owners of the property." Notwithstanding these two notices, defendants continued in possession after April 30, 1923. On May 1, 1923, the day following the ex-

piration of the term of the lease, plaintiffs commenced this action in unlawful detainer under subdivision 1 of section 1161 of the Code of Civil Procedure, and on June 28, 1923, were given judgment for the restitution of the premises and for the payment of damages for the unlawful detention thereof.

Defendants have appealed from the judgment upon the sole ground that service upon them of a three-day notice after the expiration of the term fixed by the lease was a necessary prerequisite to the commencement of this action, which notice was not given. In other words, defendants contend that because they continued in possession of the premises beyond the term fixed by the lease, in violation of its terms and against the expressed will and consent of lessors, they became tenants from month to month under the hold-over clause of the lease, and that consequently a three-day notice was necessary to terminate such monthly tenancy before suit could be properly commenced against them for restitution of the premises.

The contention is wholly without merit. **[1]** It is well established that it is the duty of the tenant as soon as his tenancy expires by its own limitations, to surrender the possession of the premises and that no notice of termination is necessary, the lease itself terminating the tenancy; and if he continues in possession beyond that period without the permission of the landlord, he is guilty of unlawful detainer, and an action may be commenced against him at once, under the provisions of subdivision 1 of section 1161 of the Code of Civil Procedure, without the service upon him of any notice. (*Earl Orchard Co.* v. *Fava,* 138 Cal. 76 [70 Pac. 1073]; *Bettens* v. *Hoover,* 12 Cal. App. 313 [107 Pac. 329]; *Lee Chuck* v. *Quan Wo Chong & Co.,* 91 Cal. 593 [28 Pac. 45]; *Kuhn* v. *Smith,* 125 Cal. 615 [73 Am. St. Rep. 79, 58 Pac. 204]; *McKissick* v. *Ashby,* 98 Cal. 425 [33 Pac. 729]; *Canning* v. *Fibush,* 77 Cal. 196 [19 Pac. 376]; *Buhman* v. *Nichols & Brown Bros.,* 1 Cal. App. 266 [82 Pac. 85]; *Perine* v. *Teague,* 66 Cal. 446 [6 Pac. 84].) **[2]** Manifestly, the hold-over clause of the lease did not operate to create a new tenancy unless it was consented to by the landlord, nor can it be considered as an option for a renewal. It gave defendants no right whatever to continue in possession without plaintiffs' permission, which, as we have already seen, was positively refused. The cases cited by defendants in

support of their position are not in point, for the reason that they arose under a state of facts where there was an existing tenancy at will to be terminated; or under subdivision 2 of said section 1161 of the Code of Civil Procedure, wherein the tenancy already created was sought to be terminated by the lessor, prior to the expiration of the term of the lease, for default in payment of rent; or where the tenant was permitted to hold over, beyond the term fixed by the lease, with the express or implied permission of the landlord.

Judgment affirmed.

Tyler, P. J., and St. Sure, J., concurred.