LISH, Respondent, *v.* McDONALD, Appellant.

(No. 6,744.)

(Submitted April 15, 1931. Decided May 8, 1931.)

[300 Pac. 206.]

*Messrs. Ayers & Ayers,* for Appellant, submitted a brief.

*Messrs. Belden & DeKalb,* for Respondent, submitted a brief; *Mr. O. W. Belden* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action to recover possession of certain described lands situated in Fergus county. The action was tried to the court sitting without a jury. Judgment went for plaintiff for possession of the property and $100 damages, and defendant appealed.

The evidence, and admissions in the pleadings, show that the lands were leased by plaintiff to defendant under a written lease for the period commencing on April 1, 1928, and ending April 1, 1929. At the expiration of the period covered by the written lease it was extended orally for another year. Plaintiff testified that at one time before, and twice since the expiration of the lease as thus extended, he orally notified defendant to vacate the property, but he has refused to do so. There were conversations between the parties, testified to by plaintiff, in which plaintiff told defendant to either get off the place or to go to Mr. Belden's office and have a written contract drawn, but that defendant's only answer was that plaintiff "couldn't put him off." Defendant testified that plaintiff never directly told him to move off the place and that plaintiff never told him to go to Belden's office and have a lease prepared, or get off the place, but stated that on April 30 plaintiff told him to go to Belden and he would make out a lease.

The principal point presented by the appeal is whether it was incumbent upon plaintiff to give written notice of the termination of the tenancy before instituting the action.

On behalf of defendant it is contended that he was holding the property after April 1, 1930, as a tenant at will. If this were so, written notice terminating the tenancy would have been a condition precedent to the right of plaintiff to maintain the action. (Subd. 1, sec. 9889, Rev. Codes 1921; *Boucher* v. *St. George,* 88 Mont. 162, 293 Pac. 315.) Defendant's contention that he was holding as a tenant at will after April 1, 1930, is based upon the fact that negotiations were then pending for an extension of the lease, and he relies upon the cases of *Carteri* v. *Roberts,* 140 Cal. 164, 73 Pac. 818, and *Linnard* v. *Sonnenschein,* 94 Cal. App. 729, 272 Pac. 315, in support of his contention. In those cases the tenant took possession of the property pursuant to and pending negotiations for a lease and did so with the permission of the owner. It is not alone the pendency of negotiations for a lease that constitutes the holding by the tenant one at will, but additionally there must be a holding with the permission of the lessor. (35 C. J. 1126.)

Here there was ample evidence to warrant a finding that defendant was holding without plaintiff's permission after the expiration of the fixed term for which the property was let to him. Under such circumstances written notice to quit is unnecessary. (Subd. 1, sec. 9889, supra; *Centennial Brewing Co.* v. *Rouleau,* 49 Mont. 490, 143 Pac. 969; 15 Cal. Jur. 808; *Craig* v. *Gray,* 1 Cal. App. 598, 82 Pac. 699; *Earl Orchard Co.* v. *Fava,* 138 Cal. 76, 70 Pac. 1073; *Lee Chuck* v. *Quan Wo Chong,* 91 Cal. 593, 28 Pac. 45; *Kuhn* v. *Smith,* 125 Cal. 615, 73 Am. St. Rep. 79, 58 Pac. 204; *Black* v. *Black,* 77 Cal. App. 82, 246 Pac. 90; *Ryland* v. *Applebaum,* 70 Cal. App. 268, 233 Pac. 356.) The fact that negotiations were pending looking to an extension of the lease does not constitute a lease (*Gramm* v. *Sterling,* 8 Wyo. 527, 59 Pac. 156; 13 C. J. 289), nor establish the fact that defendant was holding over with the permission of plaintiff, where, as here, there was evidence that plaintiff had given notice to him to get off the place or have a written lease drawn, neither of which was done. In other words, the effect of plaintiff's notice to defendant was

that until and unless a written lease was executed, the holding over was without plaintiff's permission. Such being the effect of the notice given by plaintiff to defendant, a written notice to quit was unnecessary, the tenancy being for a fixed term which had expired.

Defendant also contends that there was a variance between the pleadings and the proof. The complaint alleges that defendant has neglected and refused to pay plaintiff the rental for the property from April 1, 1929, to April 1, 1930. There was no proof in support of this allegation. Without the allegation the complaint states facts sufficient to constitute a cause of action under subdivision 1 of section 9889, Revised Codes 1921. The allegation of default in the payment of rent is not an essential allegation of a cause of action under subdivision 1 of that section. Hence, the allegation of default in the payment of rent under the circumstances may be treated as surplusage. Had plaintiff followed up the allegation with proof, no different result could have been reached, so far as the right to the possession of the property is concerned. The cause of action pleaded is based upon subdivision 1 of section 9889 and that is the cause of action that was proved. The failure of proof did not relate to a material allegation of the cause of action pleaded and, hence, is not cause for a reversal of the judgment. (*Willoburn Ranch Co.* v. *Yegen,* 49 Mont. 101, 140 Pac. 231; *Matoole* v. *Sullivan,* 55 Mont. 363, 177 Pac. 254.)

Defendant asserts that the findings and judgment are in conflict with the decided preponderance of the evidence. With this contention we cannot agree.

No error appearing, the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and MATTHEWS concur.