[Sac. Nos. 610, 611.  In Bank.—December 29, 1899.]

THE PEOPLE ex rel. COMMISSIONERS OF BUILDING AND LOAN ASSOCIATIONS, Respondent, v. UNION BUILDING AND LOAN ASSOCIATION OF SACRAMENTO et al., Appellants.

BUILDING AND LOAN ASSOCIATIONS—ACT RELATING TO STATE COMMISSIONERS—INJUNCTION SUIT—POWER TO APPOINT RECEIVER—PRINCIPLES OF EQUITY—DISCRETION.—The act of 1893 creating the commissioners of building and loan associations of the state of California, and authorizing the attorney general, upon complaint by the commissioners of the unsafe condition of a building and loan association, to sue for an injunction to restrain it from further conducting its business, and giving the court power in such suit to "appoint one or more receivers to take possession of its property and effects," does not authorize the court to appoint a receiver therein regardless of the general principles of equity, but only in the discretion of the court in a proper case for such appointment.

ID.—UNAUTHORIZED APPOINTMENT OF RECEIVER—RIGHTS OF DIRECTORS—STATE NOT INTERESTED—INSUFFICIENT SHOWING.—The rights of the directors of the building and loan association to wind up its affairs cannot be interfered with by the appointment of a receiver at the suit of the state, which is neither a creditor nor stockholder of the corporation, and has no pecuniary interest therein, where no facts are alleged and found as to fraud, mismanagement, or incompetency of the directors, such as would justify the appointment of a receiver if the application had been made by a creditor or stockholder of the corporation.

ID.—APPEAL—RECEIVER NOT A PARTY—SERVICE OF NOTICE—PETITION FOR REHEARING—ARGUMENT.—A receiver is appointed in a cause litigated between other parties, and can have no interest in the litigation, and cannot be an aggrieved party to the judgment. He has no right of appeal therefrom, and cannot have any standing in this court by the service upon him of a notice of appeal from the judgment, under which he was appointed as receiver. He cannot be authorized by such service to file a petition for rehearing, or to file a brief otherwise than as *amicus curiae*.

ID.—REVIEW UPON APPEAL FROM JUDGMENT—INTERVENTION NOT DISPOSED OF—ABSENCE OF BILL OF EXCEPTIONS—PRESUMPTION.—A complaint in intervention which was not finally disposed of, but remains pending upon demurrers thereto and a motion to strike out, cannot, in the absence of a bill of exceptions, be considered upon appeal from the final judgment rendered in the cause; but it must be presumed that the intervenor did not apply for a postponement of the trial until issues could be formed upon his complaint, but that action thereupon was waived, so far as the trial of the other issues between the original parties was concerned.

ID.—REVIEW OF ORDER APPOINTING RECEIVER—PLEADINGS AND FINDINGS—ABSENCE OF EVIDENCE—PRESUMPTION.—Upon appeal from the judgment, where facts warranting the appointment of a receiver are neither averred in the pleadings nor shown in the findings, it cannot be presumed, in the absence of the evidence, that the court received evidence outside of the issues which may have justified the order; but the order making the appointment is properly reversed upon the judgment-roll.

APPEAL from a judgment of the Superior Court of Sacramento County.   Matt F. Johnson, Judge.

The facts are stated in the opinion of the court in Bank and in the opinion rendered in Department Two.

Robert T. and William H. Devlin, for Union Building and Loan Association, Appellant.

L. Hatfield, for L. Tozer, Appellant.

W. F. Fitzgerald, Attorney General, and Tirey L. Ford, Attorney General, for Respondent.

Grove L. Johnson, James B. Devine, and A. M. Johnson, for Thomas W. O'Neil, Receiver.

THE·COURT.—This case was heard in Department Two, and decided October 20, 1899, by which the judgment of the court below was modified by eliminating therefrom the order appointing a receiver, and as thus modified the judgment was affirmed. Afterward, a petition for a rehearing in Bank was filed by Thomas W. O'Neil, the receiver appointed by the court below, who, by stipulation of counsel and permission of the court, had filed a brief in said cause.

In the petition for rehearing it was suggested that said brief must have been overlooked by the commissioner who wrote the opinion, or that it failed to reach him.

Upon investigation, it was found that said brief on behalf of the receiver, and a reply thereto by appellant L. Tozer, had not reached either the commissioner or the Department, and upon that ground alone a rehearing in Bank was granted. O'Neil, having no other relation to the case than that of receiver, an officer of the court created by its judgment from which these appeals were taken, has no standing or relation to the case which would authorize him to petition the court for a rehearing, or even to file a brief therein except as an *amicus curiae.* (*In re Pina*, 112 Cal. 14.) He had no right of appeal. He was not a party aggrieved by the judgment from which the appeal was taken, and could not have taken an appeal, nor did the service upon him of the notice of appeal give him any standing in this court. He was not a party to the litigation, and had no interest in behalf of or against either party thereto. The only interest he has is that of retaining an office to which he was appointed by the court by its final judgment in a cause litigated by other parties.

The present attorney general has, however, indorsed upon said petition the following: "I hereby consent to the foregoing petition for rehearing and in this connection desire to add that, from an examination of the transcript on appeal (pages 26 and 27), it appears through some inadvertence a stipulation was entered into by this office on the ——— day of September, 1898, to the effect that the transcript on appeal contained 'the judgment-roll,' whereas in fact the complaint in intervention filed in said cause by Grove L. Johnson, intervenor, is omitted from the judgment-roll as printed in the transcript."

It is due to the learned attorney general to remark in this connection that said cause was tried under the administration of his predecessor in that office, and said consent was based upon a reference in the transcript to "Grove L. Johnson, Intervenor." Upon this representation, leave was given to respondent to file in this court a copy of the said complaint in intervention, and leave was also given to appellants to file a copy of the proceedings of the court below thereon; and from said complaint and

proceedings, now before this court upon said application to correct the record, it appears that this cause was tried on February 17, 1898, and that said complaint in intervention was not filed until that day; that service thereof was acknowledged by the attorneys for the defendant association, and defendants Steinman, Heilbron, Jones, and Lock, "reserving all objections made as to granting permission to file the same"; that on February 26th demurrers to said complaint in intervention were filed by the defendants, and on the same day notice was given that on March 4th a motion to strike out parts of said complaint would be made. On March 4th said motion was continued one week, and on March 11, 1898, said motion was "continued without day, to be restored to the calendar upon ten days' notice." It thus appears that the complaint in intervention was not filed by consent of the defendants; that it was filed on the day of the trial, and was not heard or considered by the court, and is still pending therein upon said demurrers and motion to strike out. It therefore formed no part of the judgment-roll of the cause that was tried, and cannot be considered upon this appeal. We must assume, in the absence of a bill of exceptions showing otherwise, that no application was made by the intervenor to the court below to postpone the hearing of the case until an issue could be formed upon his complaint in intervention, and that all action thereon was waived, so far, at least, as that trial was concerned.

The rehearing having been granted because of the accident by which the briefs above mentioned were not considered by the court or the commissioners, it now becomes our duty to examine them.

In the brief on behalf of the receiver it is contended that the action of the court in appointing a receiver cannot be reviewed because the evidence heard by the court below has not been brought up by a bill of exceptions; that the only ground upon which the action of the court can be assailed is a want of jurisdiction to make the order complained of; that in the absence of a bill of exceptions it cannot be determined whether or not the court below erred in making the order appointing a receiver, since it cannot be known what facts were before the court, and must, therefore, presume that the evidence justified the appointment.

There is no merit in this contention. To sustain it we must presume that the court received evidence outside of the issues, which, if properly received, would justify the order appointing the receiver. It is not contended in this brief that the court failed to find upon any fact alleged in the complaint, but we are asked to affirm the order appointing a receiver, because we do not know but that the court may have received evidence of facts not in issue which justified it. For aught we know, facts may exist which would authorize the appointment of a receiver, but, unless the facts as alleged and found justify it, the order making the appointment is properly reversed on appeal from the judgment upon the judgment-roll.

Again, it is contended that the building and loan commissioners' act is a special statute, and is independent of the general provisions of law regulating the appointment of receivers, and that in cases under this statute "the court is authorized to make such appointment, regardless of general principles." This contention, as well as the further contention that "the findings are sufficient to show the existence of good cause for the appointment of a receiver, even when tested by the rules of equity and by the general provisions of the law," are sufficiently answered in the opinion heretofore filed, and which is hereby approved.

It is therefore ordered that the judgment entered in Department stand as the judgment of the court.

The following is the opinion rendered in Department Two, October 20, 1899:

HAYNES, C.—These are separate appeals taken upon the same record from the same judgment upon the judgment-roll. The appellants, however, are represented by different counsel, who have also presented separate briefs. The first is taken by the corporation and the second by a director. They present the same question for decision, and may, therefore, be disposed of together.

As the title of the case indicates, the defendant corporation is a building and loan association. In December, 1897, the commissioners of the building and loan associations of the state of California made an examination of the business and affairs

of said corporation, and reported to the attorney general that it was "conducting its business in an unsafe manner, such as to render its further proceeding hazardous to the public and to those having funds in its custody," and thereupon this action was brought by the attorney general under and in pursuance of the provisions of section 9 of the act creating said board of commissioners. (Stats. 1893, p. 231.) The defendants answered, and upon the hearing findings were made and judgment entered enjoining said corporation and its directors, servants, etc., "from the further prosecution of the business of the defendant corporation until the further order of the court," and appointing a receiver to take possession of its property and effects of every description, and, subject to the order of the court, liquidate and settle up the business of the corporation.

The only question presented is whether the averments of the complaint, and the findings, authorized the court to appoint a receiver to take charge of the corporate affairs and settle and liquidate the business of the corporation.

The only allegations of the complaint tending to justify the relief granted are the following: "That since the organization of said corporation the said corporation has loaned out large sums of money upon real estate security, and, in default of payment of said loan, has been compelled to take said property in payment of the moneys so loaned and interest thereon; that the cost of said real estate so obtained and now owned by said corporation exceeds the sum of one hundred and twelve thousand two hundred and fifteen dollars and fifty-two cents; that there are now outstanding loans on real estate to the amount of ninety thousand one hundred and eighteen dollars and twenty-four cents; that since making said loans upon said real estate and acquiring the title to the real estate as aforesaid the value of the said real estate has greatly depreciated and is now depreciating, which has reduced and will continue to reduce the assets of said corporation to such an extent as to render the further proceeding and conduct of the business hazardous to the public and to those having funds in its custody. That plaintiff is informed and believes, and upon such information and belief alleges, that unless the said defendants are enjoined and prohibited by this court from the transaction of any further business, the said de-

fendants will continue to prosecute and transact such business to the irreparable injury of the people of the state of California." The prayer is for an injunction, and, "if the court shall deem it expedient," that a receiver be appointed.

The only finding touching the existing condition of the corporation is the following:

"That actions have been commenced against the defendant corporation on promissory notes aggregating three thousand five hundred dollars; and property of the said corporation is now, and for more than twenty-nine days has been, under attachments levied thereon in said actions, and there are no funds available with which to discharge said attachments and indebtedness.

"That the necessary disbursements exceed the income of the defendant corporation; and, if the said corporation continue its business, its necessary disbursements will continue to exceed its income.

"That the said corporation has been compelled to take in satisfaction of loans a large amount of real estate, which since taking has greatly depreciated in value, and there is no assurance or probability of any increase in its value.

"That there is a large amount of indebtedness of said corporation now due, and there are not sufficient assets on hand that can be realized upon whereby said corporation will be able to pay said indebtedness in any reasonable time; that to continue the business of said corporation under such circumstances would require that a considerable portion of the monthly dues of the members and stockholders be used for the purpose of discharging the deficit in current expenses and interest after applying the income of the corporation to the same.

"That said corporation can no longer continue business without a continued impairment of the assets of said corporation, and dues to be paid in by members. That the assets of said corporation, if converted into money at this time, are insufficient to pay the existing indebtedness of said corporation and reimburse the stockholders of said corporation for moneys paid by them as dues. That the further proceeding with its business by said corporation would be unsafe and hazardous to the public and to those having funds in its custody and to its stockholders."

The court, it is true, further found: "That it is necessary and a proper case for the appointment of a receiver to settle and liquidate the business of the said defendant corporation"; but this is essentially a conclusion of law, which must find its justification in the allegations of the complaint and the findings of fact, if it be sustained.

Section 9 of said act authorizes the attorney general, upon receiving the report hereinbefore stated from said commissioners, to apply to the judge of the court to issue an injunction restraining the corporation from further proceeding with its business until a hearing can be had, and further provides: "Such judge may on such application issue such injunction, and, after a full hearing, may dissolve or modify it, or make it perpetual, and may make such orders and decrees, according to the course of proceedings in equity, to restrain or prohibit the further prosecution of the business of the corporation, as may be needful in the premises; and may appoint one or more receivers to take possession of its property and effects, subject to such directions as may from time to time be prescribed by the court."

It will be observed that this statute does not imperatively require the appointment of a receiver, but permits it in the discretion of the court, or, in other words, in proper cases.

In *Havemeyer v. Superior Court*, 84 Cal. 327, 365, 18 Am. St. Rep. 192, Mr. Chief Justice Beatty, speaking for the court, said: "Under our codes, the rule is not to appoint a receiver, but to leave the whole matter of liquidation and distribution to the exclusive control of the directors of the corporation in office at the date of the dissolution. The appointment of a receiver is the exception, not the rule, and is not to be made unless some party interested, either a creditor or a stockholder, can show that for the protection of his rights the appointment of a receiver and the administration of the assets under the control and superintendence of a court of equity is necessary."

Conceding that under the provisions of the building and loan commissioners' act, above quoted, a receiver may be appointed, it does not follow that the appointment was authorized under the facts of this case. The state is neither a creditor nor stockholder, and has no pecuniary interest in the association. It is

neither alleged nor found that there was any fraud or mis-management on the part of the directors or officers of the corpo-ration, or any want of competency on their part to liquidate and settle up its business and affairs economically and in the interest of its creditors and stockholders, so that if this application had been made by a creditor or stockholder the facts alleged and found would not have justified the appointment of a receiver; and, unless such facts are alleged and found as would justify the appointment at the instance of a creditor or stockholder, it cannot be made at the instance of the state under said stat-ute.

The notice of appeal is to the effect that it is taken from the whole of the judgment, but appellants say that no point is made against the judgment enjoining the association from the further prosecution of its business.

I therefore advise that the judgment be modified by eliminat-ing therefrom the order appointing a receiver and all the provi-sions thereof relating to such receivership, and as so modified that the judgment be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is hereby modified by eliminating therefrom the order appointing a receiver and all the provisions thereof relat-ing to such receivership, and as so modified the judgment is af-firmed.          McFarland, J., Temple, J., Henshaw, J.