[Sac. No. 1082. Department One.—December 16, 1902.]

EARL ORCHARD COMPANY and ELIZABETH RUN-
YON STEPHENSON, Administratrix, etc., Respond-
ents, v. M. FAVA, Appellant.

UNLAWFUL DETAINER—EXPIRATION OF TERM—CONSTRUCTION OF CODES—
THREE DAYS' NOTICE TO QUIT.—A tenant of real property who con-
tinues in possession, without the consent of his landlord, after the
expiration of a fixed term for which it is let to him, is guilty of an
unlawful detainer, under subdivision 1 of section 1161 of the Code
of Civil Procedure; and the three days' notice to quit provided for
in subdivision 2 of that section is not required in such case. The
three days' notice to quit provided for in section 791 of the Civil
Code refers only to a right of re-entry for breach of some express
provision of the lease, and not to a case where the term has expired
by limitation.

ID.—PLEADING—UNLAWFUL POSSESSION—DEMAND FOR POSSESSION—RE-
FUSAL—ABSENCE OF SPECIAL DEMURRER.—A complaint which al-
leges ownership of the premises, a lease by the defendant for a fixed
term, a renewal for a definite term, and its termination, defendant's
entry into possession under the lease, and that he is still in pos-
session, and also alleges a demand of possession after the term had
expired, and within sixty days thereof, and that the defendant has
failed and refused, and still fails and refuses, to surrender possession
to plaintiffs, and that he still continues to hold and occupy the
premises, sufficiently shows that defendant is in possession without
the permission of the plaintiffs, in the absence of a special demurrer
for uncertainty.

ID.—NOTICE TO SURRENDER POSSESSION—FORM NOT ESSENTIAL.—No
particular form of notice was required to apprise the defendant of
the fact that he would not have the lease renewed in his favor, and
that he must surrender possession. Where he was served with writ-
ten notice to that effect, executed by proper authority, in an in-
formal manner, but was verbally informed in very explicit terms
that he must surrender possession, and could not have the place
another year, the notices were sufficient.

ID.—AMENDMENT OF COMPLAINT—MOTION FOR NONSUIT—MISTAKE—
DISCRETION.—Where it appears that all parties were mistaken as to
the date of the termination of the verbal lease, but it was discovered
upon the trial that a written lease not executed, which was accepted
as fixing the terms of the verbal lease, showed another date of ter-
mination differing from that alleged, the court had discretion to
allow an amendment to conform to the evidence, and to obviate a
motion for a nonsuit for variance, where it does not appear that
defendant was misled by the amendment to his injury.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial.  J. W. Hughes, Judge.

The facts are stated in the opinion.

W. A. Gett, for Appellant.

Holl & Dunn, and Guy C. Earl, for Respondents.

CHIPMAN, C.—Unlawful detainer.  The cause was tried by the court, without a jury, and plaintiffs had judgment from which and from the order denying his motion for a new trial defendant appeals.  The court made the following findings: That defendant's lease of the premises in question was made in October, 1898, to commence on December 1, 1898, and end on November 30, 1899; that it was renewed for a second and third year, terminating each year on November 30th, the third year terminating November 30, 1901; that on December 7, 1901, plaintiffs made demand of defendant in writing for possession of said premises, and on January 9, 1902, they made another demand upon defendant in writing to deliver up possession; "that no three days' notice to quit and surrender the possession of said premises to the plaintiffs, or any other written notice than heretofore found, was ever served on the defendant, before the complaint was filed"; that defendant refused to surrender possession to plaintiffs, and still continues to hold and occupy the premises.  It is further found that at the time the lease was first made, William N. Runyon (now deceased) and Emma Earl were the owners of the premises, and at that time verbally agreed with defendant on the terms for a three years' lease, and the same was reduced to writing and was agreed to by defendant; that Mrs. Earl, who resided at Los Angeles, refused to execute the lease or to lease the premises for a term "longer than one year at a time, and agreed upon the terms of said lease for the first year, which fact was communicated . . . to" defendant, "and he went into possession under a verbal lease for one year."  As conclusion of law, the court found that plaintiffs are entitled to possession and for damages in the sum of three hundred dollars, being treble dam-

ages occasioned to plaintiffs by the unlawful withholding of the possession. Judgment was accordingly entered.

When the complaint was drawn the written form of lease was not at hand, and all parties supposed the term ended October 31st, and it was so alleged in the complaint. During the trial the written form of lease was discovered, which showed the termination to be November 30th, and on plaintiffs' motion the complaint was amended accordingly, but over defendant's objection. Mrs. Earl's interest in the land was conveyed to the Earl Orchard Company, plaintiff. Mr. Runyon died in the lifetime of the lease, and his widow and administratrix subsequently became Mrs. Stephenson, plaintiff. Defendant interposed a general demurrer to the complaint and also a special demurrer, the latter on the ground of uncertainty and ambiguity, in that it does not appear within what time defendant was required to surrender possession; nor does the date of the notice appear; nor that three days elapsed from the date of the notice until the commencement of the action; nor that at what times within sixty days after the termination of the lease the notices referred to in the complaint were given.

Appellant urges error in overruling the general demurrer, as there is no allegation and no proof that the three days' notice specified in subdivision 2 of section 1161 of the Code of Civil Procedure was given; also that the motion for nonsuit should have been granted for the same reason. It is also claimed that the complaint does not affirmatively aver that defendant is in possession without permission of the plaintiffs, that the notices served were insufficient, and that the court erred in allowing the complaint to be amended.

1. Was the three days' statutory notice a necessary prerequisite to the action?

Plaintiffs are proceeding under subdivision 1 of section 1161 of the Code of Civil Procedure, which declares that a tenant of real property, for a term less than life, is guilty of unlawful detainer; "when he continues in possession . . . after the expiration of the term for which it is let to him, without the permission of his landlord . . .; but in case of a tenancy at will, it must first be terminated by notice, as prescribed in the Civil Code." The case here is one of a lease for a fixed period, which terminated by lapse of time,

and is not a tenancy at will. The findings meet the require-
ments of subdivision 1 of the section, and the facts do not
bring the case within the provisions of subdivision 2 of that
section. The three days' notice there mentioned was not
necessary. (*Perine* v. *Teague,* 66 Cal. 446; *Lee Chuck* v.
*Quan Wo Chong & Co.,* 91 Cal. 593; *McKissick* v. *Ashby,* 98
Cal. 442; *Kuhn* v. *Smith,* 125 Cal. 615.[1])

Appellant cites certain cases in support of his contention
that where there is a right of re-entry notice must be given
as provided by section 791 of the Civil Code. This right of
re-entry is not the right of entry (or re-entry, as sometimes
mentioned) which the landlord has where the lease is for a
fixed period and the term has expired by limitation, but has
reference to some provision of the lease for its termination
by the landlord on default of the tenant, such as failure to
pay rent due, committing or permitting waste, or some other
breach of the express provisions of the lease. (See Ander-
son's Dictionary, title "Re-entry.")

2. The complaint alleges ownership of the premises by
plaintiff, the lease by defendant for a fixed term, the renewal
for a definite period, and the termination. It also alleges
entry into possession by defendant under the lease, and that
he still continues to hold and occupy the land; also demand
of possession after the term had expired and within sixty
days thereof, and that defendant has failed and refused, and
still fails and refuses, to surrender possession to plaintiffs,
and that he still continues to hold and occupy the premises.
We think this sufficiently shows that defendant is in pos-
session without the permission of plaintiffs, at least in
the absence of a special demurrer for uncertainty in this
regard.

3. We do not deem it necessary to refer to all the evidence
as to the notices which were served on defendant. The notice
of December 7, 1901, was handed to defendant's wife for
defendant, and was by her read to and given to defendant the
same day, and he admitted he received it; it was not necessary
to mail a copy to him. It was signed by one of the cotenants
only, but the evidence was that the one who signed the notice
was acting for both with defendant's knowledge. The lease

[1] 73 Am. St. Rep. 79.

was a joint lease by plaintiffs as cotenants, and it appeared by the evidence that the plaintiff who did not sign the written notice had previously informed defendant that he could not have a renewal and that the other plaintiff had charge of the renting of the place. The notice was signed, "A. T. Hatch, Agent for the Earl Orchard Co.," and his authority was proven. It was immaterial whether the agent signed for his principal "by" himself as agent or by himself "for" his principal. He speaks for the principal in either form of signature. The notice of January 9, 1901, was signed by the Earl Orchard Company and by Mrs. Stephenson, but she did not affix her title as administratrix. It is objected that for this reason the notice was not sufficient. The objection made to these notices is for the purpose of establishing defendant's claim that he was holding over, because no sufficient notice to surrender possession was given him within sixty days after the lease terminated. No particular form of notice was required to apprise defendant of the fact that he could not have the lease renewed in his favor. The evidence showed that he was not only served with these written notices, but was verbally informed in very explicit terms that he must surrender possession and could not have the place another year. We think the notices quite sufficient.

4. It is urged that the court erred in allowing the amendment to the complaint; that the motion for a nonsuit was made before the amendment was allowed, and as the proofs then stood there was a material variance, fatal to plaintiffs' case, between the evidence as to the termination of the lease and the allegation in the complaint of the fact; but the evidence shows that all parties were mistaken as to the date. When the fact was established by the written lease, which, though not in effect, was accepted as fixing terms, it was within the discretion of the court to allow an amendment as to the date when the lease terminated, although in doing so it obviated the objection raised by the motion for a nonsuit. We can discover nothing in the record to indicate that defendant was injuriously prejudiced by the amendment. It did not affect the salient facts at issue nor mislead defendant to his prejudice, so far as we can see. In fact, the amendment was of the most ordinary kind where, without changing

the nature of the cause of action, the pleadings are made to conform to the evidence.

The judgment and order should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Van Dyke, J., Garoutte, J.