[Civ. No. 18935. Second Dist., Div. Three. Nov. 10, 1952.]

SUSUMU IGAUYE, Respondent, v. FRED HOWARD, Appellant.

124

A. Brigham Rose for Appellant.

Knight, Gitelson, Ashton & Hagenbaugh and Leon J. Alexander for Respondent.

VALLÉE, J.—Appeal by defendant, Fred Howard, from a judgment for plaintiff in an action for damages for wrongful eviction and for conversion.

On April 13, 1948, defendants, as lessors, and plaintiff, as lessee, entered into a written lease of a hotel. The term was from May 1, 1948, to December 31, 1951. The lease contained a provision to the effect that in the event of default, it should at the option of the lessors "at once determine and be at an end."[1] The rent reserved was $1,800 per month. On February 8, 1949, by a writing, it was reduced to $1,550 a month, payable on the first of each month. On June 1, 1949, defendant verbally agreed to reduce the rent for June to $1,350, which was paid. On July 1st plaintiff asked for a further reduction. Howard refused and demanded $200 additional for the month of June. Plaintiff did not, at the time of the demand, pay the July rent or the $200. Later that day, defendant evicted plaintiff and entered into a written lease of the hotel with another person. No notice to pay rent or quit was given to plaintiff.

The court found that on July 1, 1949, defendant Fred Howard "wrongfully, unlawfully and in violation of plaintiff's rights, entered said hotel, took possession of the whole thereof, changed the lock on the door of the office of said hotel, removed certain monies from the cash register of said hotel belonging to plaintiff, and forcibly excluded and evicted plaintiff from said hotel and the whole thereof," and ever

---

[1]The provision read: "It is further expressly understood and agreed that each and all of the provisions of this lease are conditions precedent to be faithfully and fully performed and observed by the said party of the second part to entitle him to continue in possession of said premises hereunder, and that if any default be made either in the payment of rent or in the observance, payment or performance of any of the provisions, terms or conditions hereof, then this lease shall, at the option of the party of the first part, at once determine and be at an end, and the party of the second part shall be deemed to have abandoned and forfeited all of his rights herein, and the party of the first part, his successors or assigns, may thereupon immediately re-enter and take possession of said premises and the whole thereof without giving any notice whatever to the said party of the second part. A waiver by the party of the first part of any default by the party of the second part in the performance of any of the covenants, terms and conditions hereof, shall not be considered or treated as a waiver of any subsequent or other default as to the same or any other matter."

since has excluded plaintiff. The court also found that on July 1, 1949, defendant Fred Howard converted to his own use certain personal property belonging to plaintiff.

The answer alleged that on July 1, 1949, plaintiff had not paid the rent for June, and in July declared he had no intention of paying the rent, and that he would not pay any rent thereafter. The court found that these allegations are not true by referring to the numbered paragraph of the answer.

Defendant contends the court should have made specific findings, particularly specifying the facts with respect to the reduction of the rent and the allegation of abandonment. The finding that the allegations of the specific paragraph of the answer in which these allegations were made are untrue is a sufficient finding. (*Bourke* v. *Frisk,* 92 Cal.App.2d 23, 32 [206 P.2d 407].) Further, the specific finding that defendant wrongfully evicted plaintiff implies that plaintiff did not abandon the lease.

The hotel was operated by plaintiff's father. Defendant appears to contend that the father was in fact the real party in interest, and that the action may not be prosecuted in the name of plaintiff. Assuming the facts to be as urged by defendant, the father was the beneficial owner of the lease, and plaintiff a trustee of an express trust and may prosecute the action in his own name. (Code Civ. Proc., § 369; *Earl Fruit Co.* v. *Herman,* 90 Cal.App. 640, 645 [266 P. 592].)

Defendant next contends that by virtue of the provisions of the lease we have quoted in the margin, the lease was *ipso facto* terminated on July 1, 1949, by reason of the failure of plaintiff to pay the July rent on that day. He says he was not required to give a notice to pay rent or quit. Plaintiff was evicted early in the day on July 1st and before the day was over defendant had executed a written lease of the hotel to another.

Civil Code section 791 provides: "Whenever the right of re-entry is given to a . . . lessor in any . . . lease or otherwise, such re-entry may be made at any time after the right has accrued, upon three days' notice, as provided in sections 1161 and 1162, Code of Civil Procedure." The right of reentry referred to in section 791 refers to a provision in a lease for its termination by the lessor on default of the lessee, such as failure to pay rent. (*Earl Orchard Co.* v. *Fava,*

138 Cal. 76, 79 [70 P. 1073].) ■ A lessor of demised premises is not entitled to take possession by forcible entry under a provision of a lease that in case the rent is not paid it shall be lawful for him, "without previous notice or demand, to re-enter the demised premises and the same peaceably to hold and enjoy thenceforth as if this lease had not been made." (*California Products, Inc.* v. *Mitchell,* 52 Cal. App. 312 [198 P. 646]. See also *J. B. Hill Co.* v. *Pinque,* 179 Cal. 759 [178 P. 952, 3 A.L.R. 669].) ■ The provision of the lease under consideration did not *ipso facto* work a forfeiture of the leasehold for the failure of the lessee to pay rent, but only gave the lessor the right at his option to terminate, which the court in *Standard Livestock Co.* v. *Pentz,* 204 Cal. 618, 630 [269 P. 645, 62 A.L.R. 1239], said "amounts to no more than the right on the part of the landlord to terminate the lease in the manner provided by law; that is to say, in accordance with the provisions of section 1161 et seq. of the Code of Civil Procedure. It is so expressly provided in section 791 of the Civil Code." In *Lydon* v. *Beach,* 89 Cal.App. 69 [264 P. 511], it is said (p. 74): "His lease provided, and he agreed, that in case he should at any time be in default in the payment of his rent, then it shall be lawful for the lessor to re-enter the premises and remove all persons therefrom. But this covenant in the lease does not justify the landlord in re-entering and dispossessing the tenant until the landlord shall have given a three days' written notice to the tenant to pay the rent or else quit the possession. (Sec. 791, Civ. Code.)"

■ At the time defendant evicted plaintiff, there were furniture and furnishings in the hotel which belonged to plaintiff. Defendant took possession of them, and used them in the operation of the hotel through the new lessee. Contrary to defendant's contention, the wrongful act of taking possession of and using the personal property constituted conversion. Defendant assumed control of the property. It was not returned to plaintiff. ■ Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein. ■ It is not necessary that there be a manual taking of the property; it is only necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use. ■ An intention to convert must be shown. (*Zaslow* v. *Kroenert,* 29 Cal.2d 541, 549-550 [176 P.2d 1]; *Dodge* v. *Meyer,* 61

Cal. 405, 420-421; *Mears* v. *Crocker First Nat. Bank,* 84 Cal. App.2d 637, 643-644 [191 P.2d 501].) Defendant says a demand for return of the property was essential to the maintenance of the action. ▪ A demand for return of the property is not a condition precedent to institution of the action when possession was originally acquired by a tort as it was in this case. (Civ. Code, §§ 1712, 1713; *United Bank & Trust Co.* v. *Powers,* 89 Cal.App. 690, 694 [265 P. 403].)

▪ The fact, if it be a fact as contended, that plaintiff's father and not plaintiff was the owner of the converted property, is not material. Plaintiff had possession. It is not necessary that the plaintiff in an action for conversion be the owner of the property; it is sufficient if he had actual possession at the time of the alleged act. (*Fletcher Aviation Corp.* v. *Landis Mfg. Co.,* 95 Cal.App.2d 905, 908-909 [214 P.2d 400].)

Defendant, in his reply brief, for the first time asserts that the evidence is insufficient to justify the award of damages. Notwithstanding the rule that a point made for the first time in a reply brief will not be considered, we have examined the record and find that the award is amply sustained. ▪ Defendant says that because evidence of the value of the lease came from plaintiff's father the evidence was incompetent and inadmissible. The argument is patently fallacious. ▪ He also says that because the personal property was not fully paid for the amount unpaid should have been deducted from its value. Plaintiff was still obligated to pay the balance owing for the property and his damage was its value.

Since there is no appeal from an order denying a motion for a new trial, defendant's appeal therefrom is dismissed. The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied December 8, 1952, and appellant's petition for a hearing by the Supreme Court was denied January 8, 1953. Schauer, J., was of the opinion that the petition should be granted.