**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| INFUTURIA GLOBAL LTD., | No. 09-16378 |
| Plaintiff - Appellant, | D.C. No. 4:08-cv-04871-SBA |
| v. | |
| SEQUUS PHARMACEUTICALS, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued August 31, 2010
Submitted January 31, 2011
Pocatello, Idaho

Before: BYBEE, TYMKOVICH,[**] and N.R. SMITH, Circuit Judges.

Infuturia Global Ltd. ("Infuturia") appeals the district court's order

dismissing its Second Amended Complaint under Federal Rules of Civil Procedure

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Timothy M. Tymkovich, United States Circuit Judge for the Tenth Circuit, sitting by designation.

12(b)(6) and 12(b)(7). This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The district court did not err in dismissing this case under Federal Rule of Civil Procedure 12(b)(6), because Infuturia did not allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On the tortious interference claim, Infuturia failed to allege damages stemming from Sequus's conduct, which is one of the required elements of a tortious interference claim under California law. *See Pac. Gas & Elec. Co. v. Bear Sterns & Co.*, 50 Cal. 3d 1118, 1126 (Cal. 1990). Finding the First Amended Complaint deficient, the district court ordered Infuturia to identify "the Sequus products—particular compounds, pharmaceutical compositions, improvements, developments, inventions, etc.—that allegedly fall within the scope of Infuturia's purported contractual rights . . . ." Although Infuturia's Second Amended Complaint refers generally to lost profits, it failed to identify any particular product, compound, or invention that causes Infuturia to lose profits and royalties.

Similarly, on the conversion claim, Infuturia failed to explain how Sequus perpetrated an "act of dominion wrongfully asserted over [Infuturia]'s personal property in denial of or inconsistent with [its] rights therein." *In re Bailey*, 197 F.3d 997, 1000 (9th Cir. 1999) (citation and quotation marks omitted). As with the

2

tortious interference claim, Infuturia did not identify a particular product, compound, or invention from Sequus that interfered with Infuturia's licensing rights to certain Yissum patents.

Finally, the district court did not abuse its discretion by denying Infuturia's claims with prejudice. Leave to amend "need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citation omitted). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Id.* (citation omitted). Here, Infuturia had two opportunities to amend its complaint. Notwithstanding the district court's specific instructions regarding the prior complaints' deficiencies, Infuturia's Second Amended Complaint failed to make out a plausible claim.

Finally, we **GRANT** Infuturia's Motion to Take Judicial Notice in Support of Supplemental Brief of Appellant, Docket No. 33.

**AFFIRMED.**